2003 VT 111

**In re Appeal of Carolyn HIGNITE**

[844 A.2d 735]

No. 03-067

¶ 1. December 10, 2003. This matter arose out of a zoning permit issued by the Town of Castleton to appellee Dr. Roshan Sivagnanam for improvements to his camp on Lake Bomoseen. Appellant Carolyn Hignite, who owns a camp adjacent to Dr. Sivagnanam's, appealed the permit to the Town's zoning board of adjustment, and Dr. Sivagnanam appealed a subsequently issued notice of violation. The Board dismissed Hignite's appeal as untimely, and granted Dr. Sivagnanam's appeal, dismissing the notice of violation. Hignite appealed the decisions to the environmental court. The court granted Dr. Sivagnanam's motion to dismiss, and entered a final judgment in his favor. Hignite contends the court erred in: (1) finding that her appeal of the

permit was time barred; and (2) failing to address issues relating to the notice of violation. We agree with the second contention, and therefore reverse and remand.

*Background and Procedural History*

¶ 2. The record discloses the following. On September 11, 2000, the Town's zoning administrator received from Dr. Sivagnanam an application for a permit to perform certain work on his camp, including the construction of two decks facing the lake. Hignite, who owns a lakefront camp adjacent to Dr. Sivagnanam, alleges in her affidavit that she visited the zoning administrator's office on September 14 to review the application, informed the administrator that it contained inaccurate information, and was told to put her objections in writing. The zoning administrator issued the permit that same day. Hignite claims that the administrator failed to inform her that the permit had issued, and failed to post the permit in a public place for fifteen days following issuance, as required by 24 V.S.A. § 4443(b)(2).*

¶ 3. On October 13, the administrator received Hignite's letter outlining her belief that the distances from the proposed decks to her property line were a few feet less than Dr. Sivagnanam had represented in his application, and violated the setback requirements of the Town's zoning ordinance. The administrator responded to Hignite in a letter on the same day, indicating that the permit had issued, explaining that "[i]t appears you would be in a position to appeal my decision on the permit" to the zoning

---

* Dr. Sivagnanam asserts, to the contrary, that the administrator complied with the statute by posting the permit for the requisite fifteen-day period. As explained below, our disposition of the appeal renders this factual dispute immaterial.

board of adjustment (Board), and stating that Hignite would be given a hearing before the Board where "you will be permitted to state your case." Hignite filed her appeal on October 18.

¶ 4. The Board discussed the matter several times over the next year, but did not act on Hignite's appeal. In late August 2001, Hignite's attorney wrote the zoning administrator, asserting that Dr. Sivagnanam's new decks exceeded 300 square feet and violated the setback requirements of the zoning ordinance. The ordinance contains a provision that no zoning permit is required, nor are setbacks applicable to, newly constructed decks not over 300 square feet or three feet above the level of the ground story. Several days later, the zoning administrator issued a notice of violation to Dr. Sivagnanam, stating that he was in violation of the zoning ordinance due to the "[c]onstruction of a structure and improvements without a permit, to the extent those improvements and any other modifications are not specifically approved. The structure erected being a building or addition to a building."

¶ 5. Dr. Sivagnanam appealed the notice of violation to the Board, arguing that it failed to state with specificity the nature of the alleged violation, in violation of his constitutional right to due process, and that to the extent it involved the decks the permit was final and the appeal filed by Hignite was untimely under 24 V.S.A. § 4464(a). The statute provides that an appeal from a decision of the zoning administrator to the Board must be filed within fifteen days of the administrator's decision. Hignite's October 18 appeal of the administrator's September 14 decision was unquestionably out of time.

¶ 6. On January 15, 2002, the Board issued separate findings of fact and conclusions of law on the two appeals. The Board denied Hignite's appeal of the permit, concluding that it was untimely under § 4464. The Board granted Dr.

Sivagnanam's appeal of the notice of violation, concluding that no permit was necessary under the zoning exemption. Hignite then filed a pro se notice of appeal with the environmental court, stating that she "wish[ed] to appeal ... the decision of the Castleton Zoning Board of Adjustment dated January 15, 2002 with regard to the application of Dr. Roshan Sivagnanam."

¶ 7. Dr. Sivagnanam, in response, moved to dismiss the appeal or, in the alternative, for summary judgment on the ground that Hignite's untimely appeal to the Board had deprived the court of jurisdiction. See *Town of Charlotte v. Richmond*, 158 Vt. 354, 357-58, 609 A.2d 638, 640 (1992) (failure to perfect timely appeal to board of adjustment deprives court of subject matter jurisdiction). The trial court granted the motion in a brief entry order, noting that Hignite had failed to file a timely response to the motion, and concluding that her untimely appeal to the Board justified dismissal. Hignite moved to alter or amend the court's ruling, asserting that her failure to file a timely response was based on a misunderstanding, that her permit appeal remained viable because the Town had failed to comply with the notice requirements of § 4464, and that the notice-of-violation issue remained to be addressed. The court denied the motion on the ground, among others, that it was untimely. Hignite then moved for reconsideration, resulting in a third order in which the court acknowledged that the previous motion had been timely, reaffirmed its finding that the court lacked jurisdiction because the initial permit appeal was untimely, and generally concluded that "[a]ll other arguments have been considered and have been found to be without merit." The court entered a final judgment order in favor of Dr. Sivagnanam. This appeal followed.

## Discussion

¶ 8. The question whether the Town's alleged failure to provide the statutorily required constructive notice should allow Hignite to proceed with her appeal raises an interesting and unsettled issue. Although we have consistently held that the failure to appeal a zoning decision to the board of adjustment bars a subsequent challenge "even when the decision is alleged to have been void ab initio," *City of S. Burlington v. Dep't of Corr.*, 171 Vt. 587, 589, 762 A.2d 1229, 1231 (2000) (mem.), none of our prior decisions involved a claim that a timely challenge was precluded by a town's failure to provide the required notice. Even assuming, as we have elsewhere held, that constructive rather than personal notice is sufficient, *In re Great Waters of America, Inc.*, 140 Vt. 105, 109-10, 435 A.2d 956, 959 (1981), the question remains whether due process or fundamental administrative fairness requires that a party deprived of notice of a zoning permit be allowed to contest the permit, notwithstanding the strong policy interests in finality.

¶ 9. We need not, however, resolve that issue here, for the claims that Hignite apparently hoped to raise with respect to the granting of the permit were essentially comparable to those underlying the subsequent notice of violation issued by the zoning administrator, which was properly before the Board and the trial court. See *In re Charlotte Farm & Mills*, 172 Vt. 607, 608, 779 A.2d 684, 686 (2001) (mem.) (failure to appeal zoning permit does not bar zoning administrator's subsequent action to enforce zoning laws). As noted, Hignite was concerned with alleged inaccuracies in the application concerning setback distances and deck dimensions. The basis of the notice of violation issued by the zoning administrator was less than clear, but the hearing before the Board and the Board's subsequent findings and conclusions clarified

that the Town's concerns were essentially the same. The Board found in this regard that there was no zoning violation because the deck's measurements and setbacks were accurately represented and qualified the project for a permit exemption. Furthermore, although Dr. Sivagnanam claims that Hignite failed to appeal the notice-of-violation ruling because the notice of appeal referred somewhat ambiguously to the Board's decision "with regard to the application," viewed in light of the statement of questions filed shortly thereafter under V.R.C.P. 76(e)(4)(B), we have no doubt as to Hignite's intent to appeal both rulings to the environmental court. See *Peabody v. Home Ins. Co.*, 170 Vt. 635, 638, 751 A.2d 783, 786 (2000) (mem.) (appeal rights are to be liberally construed in favor of persons exercising those rights); *Kelly v. Kelly*, 371 N.W.2d 193, 195 (Minn. 1985) ("[N]otices of appeal are to be liberally construed in favor of their sufficiency.").

¶ 10. Although properly appealed and brought to the court's attention in both the motion to alter or amend and the motion for reconsideration, the notice-of-violation issue was never addressed by the trial court. Whatever the meaning of the court's broad rejection of "[a]ll other arguments" in its order denying the motion for reconsideration, it does not represent an adequate decision on the merits for purposes of appellate review. See *New England P'ship v. Rutland City Sch. Dist.*, 173 Vt. 69, 74, 786 A.2d 408, 413 (2001) (trial court has fundamental duty to make all findings necessary to support its conclusions, resolve issues before it, and provide adequate basis for appellate review). Accordingly, we conclude that the judgment must be reversed, and the matter remanded to the trial court to address this issue.

*The judgment is reversed, and the case is remanded for further proceedings* *consistent with the views expressed herein.*