STATE OF VERMONT

SUPERIOR COURT                                         ENVIRONMENTAL DIVISION

|  |  |  |
|---|---|---|
| In re Cummings Subdivision[1] | } | Docket No. 156-9-10 Vtec |
| (Appeal of Gamache) | } | |
| | } | |

Decision and Order on Pending Motions

Appellant Richard Gamache initially filed a notice of appeal on September 22, 2010, seeking to appeal the Town of Swanton Planning Commission's grant of approval to Appellee-Applicant Richard Cummings[2] for what the notice of appeal characterized as a "seven (7) lot" subdivision on the south side of Bushey Road. Appellant is represented by Joseph P. Bauer, Esq. and Renee L. Mobbs, Esq.; Appellee-Applicant is represented by Joseph F. Cahill, Jr., Esq. The Town of Swanton has not entered an appearance in this matter.[3]

Together with the initial notice of appeal, Appellant moved to stay the development of Appellee-Applicant's property and moved to remand Appellee-Applicant's 2007 subdivision application to the Planning Commission for it to hold new hearings, after proper notice to Appellant, and to issue a reconsidered decision. These

---

[1] Please note that the correct form of the caption is "In re Cummings Subdivision" rather than a "plaintiff v. defendant" form. In addition, the term "7-lot" has been removed from the caption, as the Planning Commission only acted upon a five-lot subdivision in the 2007 decision that Appellant seeks to appeal in this case. See note 6, below.

[2] Appellee-Applicant entered an appearance both individually and as trustee of the Richard Cummings Revocable Trust.

[3] A courtesy copy of this decision is being sent to the Town even though it has not appeared in this matter, as additional information from the Planning Commission files or testimony from town officials may be required by the parties to this appeal.

motions were later suspended until the issue of Appellant's party status was resolved.

Appellee-Applicant moved to dismiss the appeal as untimely filed, with respect to any attempt to appeal a 2007 subdivision approval, and moved to dismiss for lack of party status with respect to the timely appeal of a 2010 lot line adjustment approval. The motion to dismiss argued that Appellant had not participated in either the 2007 or the 2010 Planning Commission hearings, as required by 24 V.S.A. § 4471(a) and 10 V.S.A. § 8504(b)(1), and that Appellant had not moved for party status despite his lack of participation by filing a motion under 10 V.S.A. § 8504(b)(2) with his notice of appeal, as required by V.R.E.C.P. 5(d)(2). Because affidavits and exhibits have been presented in support of and in opposition to the motion to dismiss, V.R.C.P. 12(b) requires that it be treated as a motion for summary judgment. A grant of "[s]ummary judgment is appropriate when, giving the benefit of all reasonable doubts and inferences to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Gade v. Chittenden Solid Waste Dist., 2009 VT 107, ¶ 7 (citing Mooney v. Town of Stowe, 2008 VT 19, ¶ 5, 183 Vt. 600 (mem.); V.R.C.P. 56(c)).

After the motion to dismiss was filed, Appellant moved, pursuant to V.R.E.C.P. 5(d)(2) and 10 V.S.A. § 8504(b)(2), for party status notwithstanding his lack of participation at the Planning Commission hearings, and moved for an extension of time to file that V.R.E.C.P. 5(d)(2) motion, arguing excusable neglect. After the initial telephone conference, Appellant filed a new motion for leave to file a late appeal, continuing to cite 10 V.S.A. § 8504(b)(2).[4] The Court's work on the motion to dismiss was suspended to consider the motion to dismiss together with the motions for party

---

[4] A motion for late appeal under V.R.A.P. 4(d) is not available in the present case as it must be filed within 30 days after expiration of the appeal period; it requires a showing of good cause or excusable neglect on the part of the moving party); In re Sheldon Excavating, Inc., No. 54-4-09 Vtec, slip op. at 3-4 (Vt. Envtl. Ct. June 8, 2009) (Wright, J.).

2

status and late appeal.

The facts stated in this decision are undisputed unless otherwise noted.

<u>Scope of Appeal</u>

<u>"Seven[-]Lot" Subdivision</u>

Some confusion has resulted from Appellant's characterization of Appellee-Applicant's subdivision as a seven-lot subdivision in the original notice of appeal. That notice did not refer to a Planning Commission decision made on any application for a seven-lot subdivision. The following undisputed sequence of Planning Commission action on Appellee-Applicant's subdivision applications establishes the procedural context of the present appeal and the present motions.

Appellant owns property on the northerly side of Bushey Road; Appellee-Applicant's property is located directly across Bushey Road, on the southerly side of the road. Appellee-Applicant has subdivided several lots from a large parcel of land on the south side of Bushey Road over time; these subdivisions were addressed by the Planning Commission in separate proceedings in 2006, 2007, and 2010.

As described in Appellee-Applicant's October 7, 2010 memorandum, in 2006, Appellee-Applicant received approval to subdivide the larger property, creating two development lots, and leaving a large parcel of retained land.[5] The 2006 subdivision decision was not appealed and is not at issue in the present case.

On May 31, 2007, Appellee-Applicant applied for major subdivision approval to subdivide an additional four residential lots, presumably from the retained land left after the 2006 subdivision. The four proposed development lots ranged from an acre to

---

[5] One of the two development lots created in the 2006 subdivision was developed for a church use, to which Appellant refers in his filings. The church's site plan application for its building and parking spaces on that lot was also heard at the December 2007 Planning Commission hearing.

an acre-and-a-half in size, leaving a fifth retained lot of 72.5 acres (the 2007 Cummings Subdivision).[6] After granting sketch plan approval in August 2007, the Planning Commission granted preliminary and final plat approval to the subdivision on December 19, 2007.

As reflected in the language of the notice of appeal, the Statement of Questions, and Appellant's affidavit filed October 25, 2010 (the October Gamache Affidavit), and as further discussed in the initial pretrial telephone conference, by filing this appeal Appellant seeks primarily to challenge the 2007 Planning Commission decision granting preliminary and final plat approval to the 2007 Cummings Subdivision, arguing a lack of the notice and posting required by 24 V.S.A. § 4464(a). Appellant's amended notice of appeal filed October 6, 2010, clarified that the appeal was also intended "to include" an appeal of the September 15, 2010 decision of the Planning Commission "for a boundary adjustment to the subdivision that is the subject of this appeal." Nine of the ten questions in the Statement of Questions relate to the 2007 Cummings Subdivision; the tenth relates to whether the 2010 boundary adjustment is null and void due to the asserted issues with the 2007 Cummings Subdivision.

Question 8 of the Statement of Questions

It is important to note that, if an action of the Planning Commission is ruled to be invalid due to its failure to comply with the requirements of 24 V.S.A. § 4464(a), the statute does not then allow the Court to proceed to consider the merits of the appeal.

---

[6] The two development lots created in the 2006 subdivision, plus the four additional residential lots created in the 2007 subdivision from the retained land of the 2006 subdivision, plus the retained land left after the 2007 subdivision, equal a total of seven lots. Nevertheless, Appellant does not seek to appeal the 2006 subdivision, and in the 2007 subdivision decision the Planning Commission only approved a five-lot subdivision. Accordingly, the caption has been corrected to remove the reference to a "7-lot" subdivision.

Rather, any action ruled to be invalid under § 4464(a)(5) must "be remanded to the [Planning Commission] to provide new posting and notice, hold a new hearing, and take a new action." 24 V.S.A. § 4464(a)(5).[7]

Question 8 of the Statement of Questions, seeking to raise the merits of the 2007 Cummings Subdivision decision, must therefore be DISMISSED as beyond the scope of this appeal. That is, regardless of which party prevails on the pending motions, the Court does not have jurisdiction of the merits of the 2007 subdivision application.

Statutory Notice and Posting Requirements

The required prior notice and posting of Planning Commission hearings is governed by 24 V.S.A. § 4464(a).[8] With regard to subdivision applications, the statute imposes more stringent notice and posting requirements on municipalities for hearings on the final plat review of subdivisions, 24 V.S.A. § 4464(a)(1), than it does for the sketch plan and preliminary plat stages of subdivision review, 24 V.S.A. § 4464(a)(2). Cf. In re Appeal of Carroll, 2007 VT 19, ¶ 11, 181 Vt. 383 (describing the various stages of subdivision approval); 24 V.S.A. § 4418(2)(B) (authorizing municipal ordinances to provide for preliminary stages of subdivision review).

_____

[7] This practice, which requires municipal panels to warn and hold a new public hearing in cases in which interested persons have not been provided with sufficient notice, encourages municipalities to be more careful in exercising their statutory duties to ensure that all interested persons are given the required notice and opportunity to be heard in the local proceeding. See In re Maple Tree Place, 156 Vt. 494, 500 (1991) (approving remand when interested persons have not had the opportunity to be heard on an issue during the local proceeding). This required remand serves an analogous purpose to the exclusionary rule in criminal cases. State v. Goldberg, 2005 VT 41, ¶ 19, 178 Vt. 96 (holding that exclusionary rule is intended to safeguard the Fourth Amendment through its deterrent effect, encouraging police diligence and ultimately resulting in more thorough and careful police work).

[8] This statutory notice is distinct from the posting required after a zoning permit has been issued by the zoning administrator, which is governed by 24 V.S.A. § 4449(b).

Both subsections require "written notification" of the hearing to be provided "to the applicant and to owners of all properties adjoining" the subject property, including properties across a public right-of-way from the subject property.[9] This notification is required to include a description of the proposed project and clearly to inform the recipient where additional information may be obtained. Importantly, the notification is required clearly to inform the recipient "that participation in the local proceeding is a prerequisite to the right to take any subsequent appeal." 24 V.S.A. § 4464(a)(1)(C), (a)(2)(B).

Subsection 4464(a)(3) allows the municipality to require applicants to bear the cost and/or the responsibility of notifying adjoining landowners. If a municipality shifts responsibility for notifying adjoiners to the applicant, the statute also allows the municipality to require the applicant to demonstrate proof of delivery of the notice by certified mail, or by hand delivery or delivery by mail, "supported by a sworn certificate of service." 24 V.S.A. § 4464(a)(3). In the present case, neither party has provided the Swanton ordinance from which the Court could determine whether the responsibility for providing adjoiners with the required written notification has been shifted to applicants in the Town of Swanton.

In addition to the notice requirements common to all types of hearings, the public notice for a warned public hearing for final plat subdivision review must also be given by publication of the date, place, and purpose of the hearing in a newspaper of general circulation, 24 V.S.A. § 4464(a)(1)(A), and must be posted "within view from the public right-of-way most nearly adjacent to the property for which an application is made, 24 V.S.A. § 4464(a)(1)(B).

Subsection 4464(a)(3) allows the municipality to require the applicant to bear the

---

[9] Both § 4464(a)(1) and (a)(2) also require posting of the date, place, and purpose of the hearing in three or more public places within the municipality. § 4464(a)(1)(B), (a)(2)(A). This requirement has not been raised as an issue in the present appeal.

cost of the public warning. However, in contrast to its provisions regarding notice mailed or hand-delivered to adjoiners, 24 V.S.A. § 4464(a)(3) does not by its terms authorize the municipality to shift responsibility to the applicant either for the newspaper publication or for the posting within view from the nearest public right-of-way.[10]

2007 Planning Commission Proceedings

In 2007, both Appellant Gamache and Appellee-Applicant Cummings were involved in obtaining subdivision approval for their respective properties on Bushey Road. In mid-2007, Appellee-Applicant applied for approval of the 2007 Cummings Subdivision, described in the application as the creation of four lots ranging in size from one to one-and-a-half acres, leaving a fifth "remaining (retained) lot of 72.5 acres." Gamache Ex. D. The application was assigned #388 on June 1, 2007. During the same period in 2007, Appellant was also in the process of seeking Planning Commission approval of a 22-lot residential subdivision on his own Bushey Road property (the Gamache Subdivision).

The Planning Commission considered sketch plan review of the 2007 Cummings Subdivision during hearings held on July 18, 2007 and August 15, 2007, and considered preliminary and possible final plat review of the 2007 Cummings Subdivision during a hearing held on December 19, 2007. The Planning Commission considered preliminary plat review of the Gamache Subdivision during the July 18, 2007 hearing, and final plat review during the August 15, 2007 hearing.

---

[10] Compare 24 V.S.A. § 4449(b), which specifies that zoning permits must be posted in at least one public place in the municipality by the administrative officer, and which provides that the issued permit must require the permittee to post notice of the permit "on a form prescribed by the municipality" within view from the nearest public right-of-way.

<u>Notice of July 18, 2007 Planning Commission Hearing – Sketch Plan Review</u>

The Cummings property appears on the tax map dated June 28, 2007, provided in Gamache Ex. D, as parcel # BR0062. Parcel # BR0171 across the road, which shows as Gamache property on the 2010 tax map, appears on the list of abutters as owned by one Gary Underwood. Appellant has not provided the Court with any information about when he acquired Parcel # BR0171 or when his ownership was registered with the municipal tax office or otherwise registered with any municipal office.

It is unclear from Gamache Ex. D whether this tax map and identification of abutting property owners was provided to Appellee-Applicant by a town official. It is also unclear from Gamache Ex. D whether the notice of the July 18, 2007 Planning Commission hearing mailed on June 28, 2007 was sent out by Planning Commission staff or by Appellee-Applicant Cummings.[11]

Based on the content of that document and the October Gamache Affidavit, it appears that Mr. Gamache was sent specific written notification of the July 18, 2007 hearing as an applicant, related to his own subdivision, but was not sent a duplicate notice in his capacity as an adjoining landowner regarding sketch plan review of the 2007 Cummings Subdivision. 24 V.S.A. § 4464(a)(2)(B). Material facts remain in dispute, or at least have not been provided to the Court, as to the content of any written notification sent to Mr. Gamache of the July 18, 2007 hearing, including whether the entire hearing agenda, incorporating the 2007 Cummings Subdivision agenda item, was sent to him at that time.

The public notice as published in the June 29, 2007 St. Albans Messenger, Cummings Ex. 3, as well as the public notice incorporating the hearing agenda, Cummings Ex. 4, described the 2007 Cummings Subdivision as:

---

[11] The fact that copies of it were sent using the generic language of "All Commission Members" and "All Applicants and Landowners" suggests that it may in fact have been mailed by the Planning Commission staff rather than by the applicant.

8

4. **#388** Sketch Plan Request of **Richard Cummings** to create a Major Subdivision of four (4) residential lots from 1 acre to 1.5 acres in size, with the remaining (retained) lot of 72.5 acres, all to be accessed by private right-of[-]way with cul-de-sac leading from the **South side of Bushey Road**. R1 Agricultural/Residential District. (Emphasis in original hearing notice).

Appellant states in the October Gamache Affidavit, ¶ 3, that he was aware that Appellee-Applicant's subdivision application appeared on the July hearing agenda, but that he thought at the time that the agenda item related to the 2006 subdivision, rather than to a new 2007 application, despite the fact that the application number was later in sequence than his own application number. To the extent that the reasonableness of his assumption is even material to this appeal, Appellant's state of mind is not suitable for summary judgment. Courts are advised to:

> be cautious in granting motions for summary judgment in any cases in which the resolution of the dispositive issue requires determination of state of mind, as the fact finder normally should be given the opportunity to make a determination of the credibility of witnesses, and the demeanor of the witness whose state of mind is at issue.

Barbagallo v. Gregory, 150 Vt. 653 (1988) (mem.) (citations omitted).

Further, only a portion of the public hearing notice for the July 18, 2007 hearing published in the St. Albans Messenger has been provided to the Court, as Cummings Ex. 3, and only a portion of the public hearing agenda has been provided, as Cummings Ex. 4. These excerpts are sufficient to determine that preliminary plat approval of the Gamache Subdivision was the second item on the agenda, and that sketch plan review of the 2007 Cummings Subdivision was the fourth item on the agenda. However, these excerpts are not sufficient to determine whether, after the listing of the agenda items, the public hearing notice may have contained any notice about where additional information may be obtained or may have contained information that participation in the local proceeding is a prerequisite to the right to take any subsequent appeal.

Material facts also remain in dispute, or at least have not been provided to the

Court, as to the complete content of any specific written notification sent to any adjoining landowners on the 2007 Cummings Subdivision before the July 2007 Planning Commission hearing. That is, the Court cannot determine from the materials provided as Gamache Ex. D whether the notice sent to adjoining landowners contained "information that clearly informs the recipient where additional information may be obtained" or whether it contained information "that participation in the local proceeding is a prerequisite to the right to take any subsequent appeal." 24 V.S.A. § 4464(a)(2)(B).

Appellant and Appellee-Applicant both attended the July 18, 2007 Planning Commission hearing. At the beginning of the hearing, the Planning Commission Chairman swore in all individuals who intended to testify on any of the agenda items. Appellant participated in the hearing on his own subdivision, but states in the October Gamache Affidavit, ¶ 5, that he left at the conclusion of the hearing on his own subdivision, the second item on the agenda. Material facts are disputed as to whether Appellant left the hearing before the Planning Commission reached the fourth agenda item—the 2007 Cummings Subdivision. See Cummings Affidavit, ¶ 8. Unlike the other agenda items, for the Cummings sketch plan review the minutes do not state either that "no interested parties were in attendance" or whether a neighboring landowner was present but did not comment.

At least by the end of the Cummings sketch plan agenda item at the July 18, 2007 Planning Commission hearing, the Planning Commission and its staff were aware that Mr. Gamache was an adjoining landowner across Bushey Road from the 2007 Cummings Subdivision. That is, during the hearing, the Planning Commission chairman specifically requested Appellee-Applicant to align his planned access with the access planned for the Gamache Subdivision, in the event of the future need for a stop light at that intersection. The Planning Commission actually gave Appellee-Applicant a copy of the plan for the Gamache Subdivision "so that he could plan the driveway for

10

his project." July 18, 2007 Planning Commission Minutes, § IV, Cummings Ex. 5.

In a deliberative session held on August 6, 2007, the Planning Commission voted to grant preliminary plat approval to the Gamache Subdivision, and to continue the sketch plan request for the 2007 Cummings Subdivision to the next public hearing, already scheduled and noticed for August 15, 2007.

<u>Notice of August 15, 2007 Planning Commission Hearing – Sketch Plan Review</u>

On July 26, 2007, the Assistant to the Zoning Administrator mailed "the 'Red P' notice signs as well as attendant statute references" to both Mr. Gamache and Mr. Cummings, as applicants, with reference to the August 15, 2007 Planning Commission hearing.[12] Cummings Ex. 6. Material facts remain in dispute, or at least have not been provided to the Court, as to the content of any written notification sent to Mr. Gamache of the August 15, 2007 hearing, including whether the agenda of the entire hearing, with the 2007 Cummings Subdivision agenda item, was sent to him at that time.

Like the public hearing notice incorporating the agenda for the July hearing, the public hearing notice incorporating the August hearing agenda, as well as the public hearing notice published in the July 27, 2007 <u>St. Albans Messenger</u>, described the

---

[12] It may be important to note that 24 V.S.A. § 4464(a)(2) does not require posting within view of a public right-of-way for sketch plan or preliminary plat review hearings. Moreover, unlike the permittee's duty to post notice of an issued zoning permit adjacent to the nearest public road, see note 10, above, even the § 4464(a)(1)(B) duty to post notice that a Planning Commission hearing has been scheduled on a final plat subdivision review is not assigned by statute to the applicant. Rather, the statute provides that the applicant may be required to bear the cost of the public warning, but not necessarily its responsibility; the statute also does not provide for any proof of posting or sworn certificate by an applicant that the notice was in fact posted. 24 V.S.A. § 4464(a)(3). Nevertheless, in the present case the so-called "Red P" notice was provided to applicants even for sketch plan or preliminary plat review, and contained a section requiring them to post notice of the Planning Commission hearing, even though the accompanying cover notice only referenced the need to post a zoning permit or Planning Commission "approval." See Gamache Exs. A, B, C.

proposed 2007 Cummings Subdivision as:

> 4. **#388** Continued Sketch Plan Request of **Richard Cummings** to create a Major Subdivision of four (4) residential lots from 1 acre to 1.5 acres in size, with the remaining (retained) lot of 72.5 acres, all to be accessed by private right-of[-]way with cul-de-sac leading from the **South side of Bushey Road**. R1 Agricultural/Residential District. (Emphasis in original agenda).

Also like the public hearing notice for the July hearing, only a portion of the agenda has been provided, as Cummings Ex. 7; however, nearly all of the public hearing notice for the August 15, 2007 hearing published in the St. Albans Messenger has been provided to the Court, on two pages, as Cummings Ex. 8. Continued preliminary and possible final plat approval of the Gamache Subdivision was the second item on the agenda, and continued sketch plan review of the 2007 Cummings Subdivision was the fourth item on the agenda. Although the published public hearing notice is incomplete between the two pages of Ex. 8, it appears to have contained information that that participation in the local proceeding is a prerequisite to the right to take any subsequent appeal. The complete public hearing notice incorporating the agenda has not been provided to the Court; the Court cannot determine whether that information also appeared below the signature on the individual notice.

Appellant states in the October Gamache Affidavit, ¶ 6, that he received notice of the August 15, 2007 Planning Commission hearing at which preliminary and possibly also final plat approval for his subdivision would be addressed. Appellant also states that he was aware that Appellee-Applicant had a subdivision application on the August hearing agenda, but again assumed that it related to the 2006 subdivision.

Appellant and Appellee-Applicant both attended the August 15, 2007 Planning Commission hearing. At the beginning of the hearing, the Planning Commission Chairman swore in all individuals who intended to testify on any of the agenda items. Appellant participated in the hearing on his own subdivision, but states in the October

Gamache Affidavit, ¶ 8, that he left at the conclusion of the hearing on his own subdivision, the second item on the agenda. Material facts are disputed as to whether Appellant left the hearing before the Planning Commission reached the fourth agenda item—the 2007 Cummings Subdivision. See Cummings Affidavit, ¶ 14. For the continued Cummings sketch plan review, the August 15, 2007 minutes do not state whether or not any interested parties were in attendance or were present but did not comment. The minutes note that Mr. Cummings had "located the access in line with the access for Gamache's project on the opposite side of the road as requested by the Planning Commission." August 15, 2007 Planning Commission Minutes, § V, Cummings Ex. 9. However, there is no indication that the Planning Commission or its staff used this information to amend its service list for the 2007 Cummings Subdivision to add Mr. Gamache as an adjoiner who would require individual notification of any future hearings.

At the conclusion of the hearing, the Planning Commission went into deliberative session, and continued the deliberative session to August 20, 2007, at which it granted final plat approval for the Gamache subdivision and granted sketch plan approval for the 2007 Cummings Subdivision.

December 19, 2007 Planning Commission Hearing – Preliminary and Possible Final Plat Approval[13]

On November 29, 2007, a "Red P" notice was delivered or mailed to Mr. Cummings, regarding the December 19, 2007 Planning Commission hearing. Gamache Ex. C. Material facts remain in dispute, or at least have not been addressed in the parties' filings, as to whether that or any other notice of the December 19, 2007 Planning

[13] The hearing on preliminary and final plat approval for the 2007 Cummings Subdivision was originally warned for an October 17, 2007 Planning Commission hearing. However, Appellee-Applicant did not attend that hearing, and the matter was rescheduled for the December 19, 2007 hearing date.

13

Commission hearing was posted within view of the nearest public right-of-way, whether by Appellee-Applicant or by the staff of the Swanton Planning Commission.

A portion of the individual public notice incorporating the agenda of the entire hearing, including the 2007 Cummings Subdivision agenda item, has been provided as Cummings Ex. 10 down to the signature line of the Zoning Administrator.  However, it does not show whether or not information that participation in the local proceeding is a prerequisite to the right to take any subsequent appeal was provided below the signature line.  Appellee-Applicant does not dispute that Appellant did not receive a copy of the individual public notice of the December 19, 2007 hearing on the 2007 Cummings Subdivision.  Neither party has provided the service list for the December 2007 individual public hearing notice, nor a copy of the related public hearing notice as published in the St. Albans Messenger.

The public hearing notice incorporating the December 19 hearing agenda described the proposed 2007 Cummings Subdivision as:

1.  **#388**  Preliminary and Possible Final Plat Approval Request of **Richard Cummings** to create a Major Subdivision of four (4) residential building lots from 1 acre to 1.5 acres in size, with the remaining (retained) lot of 72.5 acres, all to be accessed by private right-of-way with cul-de-sac leading from the **South side of Bushey Road**.  R1 Agricultural/Residential District. (Emphasis in original).

Appellant did not attend or participate in any portion of the December 19, 2007 Planning Commission hearing. After conducting a deliberative session at the end of the hearing, the Planning Commission voted to grant preliminary and final plat approval of the 2007 Cummings Subdivision.  No appeal of the final plat approval of the 2007 Cummings Subdivision was filed within thirty days after the issuance of the Planning

Commission decision.[14]

<u>2010 Planning Commission Hearing – Lot Line and Right-of-Way Adjustment</u>

On August 30, 2010, Appellant received an individual copy of a notice of public hearing for the September 15, 2010 Planning Commission hearing, incorporating the proposed agenda, including an agenda item regarding the Cummings Subdivision. Gamache Ex. 2, attached to the Gamache Affidavit filed September 22, 2010. The notice of public hearing described the proposal as:

> **#438** Lot Line Adjustment Request of **Richard Cummings** to adjust the lot line between Lot #1 & lot #2 (Map Slide #180) and to revise **Jerrymill Lane R.O.W. leading from Bushey Rd. and Lots 4-7 thereon.** R1 Agricultural/Residential District and SG Southern Growth Core Overlay District. (Emphasis in original.)

The notice stated that "[a]ttendance at and participation in this public hearing is required in order to appeal any decision related to this hearing."

Appellant contacted his attorney's office regarding the Cummings Subdivision, based on the hearing notice's reference to there being seven lots in the subdivision. Appellant's attorney directed an administrative assistant to go to the Swanton Town Offices to copy the Cummings Subdivision file. On Friday, September 10, 2010, the administrative assistant called and left messages at the Swanton Town Clerk's telephone number and at the Zoning Administrator's telephone number, after being told that the Zoning Administrator was unavailable. On Tuesday, September 14, she again called the Zoning Administrator's office and reached him. Her affidavit reflects that he told her that it would not be convenient for her to copy the file at that time, and

---

[14] If a separate written decision was issued, it has not been provided to the Court, nor have the parties provided the date of adoption or issuance of the December 19, 2007 minutes; if the minutes constitute the written decision they are required to contain the factual bases and conclusions relating to the review standards for the 2007 Cummings Subdivision. 24 V.S.A. § 4464(b)(1).

that he would contact her when it was convenient.

Appellant attended the September 15, 2010 hearing, but declined to comment on the Cummings Subdivision lot line and right-of-way adjustment when offered the opportunity to do so by the Planning Commission. Appellant remained at the hearing through all the agenda items to the "other business" portion of the agenda, at which time he discussed with the Planning Commission a request to modify a driveway location within the Gamache Subdivision.

After conducting a deliberative session at the end of the September 15, 2010 hearing, the Planning Commission approved Appellee-Applicant's proposed lot line and right-of-way adjustment.

Appellant's attorney obtained a copy of the Cummings Subdivision file from the office of the Zoning Administrator on September 21, 2010, and promptly filed the present appeal the following day, on September 22, 2010.

Motions as to the 2010 Planning Commission Decision

Appellant's original notice of appeal, and his amended notice of appeal filed October 6, 2010, were both timely, even if dated from the September 15, 2010 vote of the Planning Commission. Appellant has moved under V.R.E.C.P. 5(d)(2) and 10 V.S.A. § 8504(b)(2) for party status despite not having participated in the 2010 Planning Commission hearing, and has moved for an extension of time to file that motion as it was not filed with the notice of appeal. Appellee-Applicant has moved to dismiss the appeal as it relates to the 2010 Planning Commission decision, for Appellant's failure to have participated in the hearing, and because Appellant's motion was not filed with his notice of appeal.

First, neither a separate written decision nor a signed copy of the minutes constituting the written decision has been provided to the Court, see note 14, above. For the purposes of this motion it is reasonable to conclude that the written decision,

whether it was contained in the adopted written minutes or in a separate written decision, was not written up and issued later on the night of the hearing, as the hearing did not conclude until 9:24 p.m. Even if the written decision was issued as soon as the following day, a notice of appeal filed on October 18, 2010 would have been timely, and therefore Appellant's October 18, 2010 motion for party status under 10 V.S.A. § 8504(b)(2) should also be treated as timely filed. That is, the motion was filed within the time for filing a notice of appeal, even though it was not filed with the original notice of appeal. Because Appellant's motion for party status under 10 V.S.A. § 8504(b)(2) was filed within the time allowed for filing a notice of appeal, it would not be an appropriate exercise of the Court's discretion to decline to consider it merely because it was not filed with the notice of appeal. See Verizon Wireless Barton Permit, 2010 VT 62, ¶¶ 19–21 (holding that determination of party status under 10 V.S.A. § 8504(b)(2) and consideration of late-filed motions related to that determination is left to the Court's discretion).[15]

Even though Appellee-Applicant does not dispute that Appellant, as the owner of adjoining property, qualifies as an "interested person" with respect to the Cummings subdivision, 24 V.S.A. § 4465(b)(3), party status as an appellant also requires participation in the underlying proceeding. 24 V.S.A. § 4471(a). Appellant has not shown that his failure to participate in the 2010 public hearing should be excused.

Appellant received adequate individual notice of the September 15, 2010 public hearing on the lot line adjustment and right-of-way revision to the Cummings subdivision. Appellant has not shown that any procedural defect prevented him from participating in the 2010 proceeding, nor has he shown that manifest injustice would

[15] An amendment to V.R.E.C.P. 5(d)(2), effective May 27, 2011 and therefore not applicable to the present appeal, recently increased the time for filing a 10 V.S.A. § 8504(b)(2) motion for party status to "not later than the deadline for filing a statement of questions on appeal." 2011, No. 53, § 14c.

17

result if his right to appeal the 2010 Planning Commission decision were disallowed. 10 V.S.A. § 8504(b)(2). Rather, Appellant was present at the 2010 hearing and made the choice to decline to comment at that time, even though the warning notice had advised that participation in the hearing was required in order to be able to appeal. The fact that he had not been able to obtain the complete subdivision file between receiving notice of the hearing and the hearing date does not excuse that lack of participation, although it may explain the timing of his notice of appeal.

Accordingly, to the extent that Appellant's appeal is taken from the Planning Commission's 2010 decision, it is DISMISSED because Appellant failed to participate in the hearing as required by 10 V.S.A. § 8504(b)(1) and 24 V.S.A. § 4471(a), and has not shown under 10 V.S.A. § 8504(b)(2) that any procedural defect prevented him from participating in the 2010 proceeding, or that manifest injustice would result if his right to appeal the 2010 Planning Commission decision were disallowed. As a practical matter in the present appeal, this ruling results in the DISMISSAL of only Question 10 of the Statement of Questions.

Motions as to the 2007 Subdivision Plat Approval

Appellant has moved under V.R.E.C.P. 5(d)(2) and 10 V.S.A. § 8504(b)(2) to file a late appeal of the December 19, 2007 Planning Commission decision granting final plat approval for the 2007 Cummings Subdivision, despite not having participated in that hearing, arguing that he did not have actual or record notice either that the application was pending or that it would be considered at the December 2007 hearing. Appellee-Applicant has moved to dismiss the appeal as untimely filed, as it relates to the 2007 Planning Commission decision, and for Appellant's failure to have participated in the hearing.

As is apparent from the amended notice of appeal and the Statement of Questions, Appellant seeks to appeal only the final plat approval of the 2007 Cummings

18

Subdivision granted at the December 19, 2007 Planning Commission hearing, not the earlier stage of sketch plan approval considered and ruled on in the July and August 2007 Planning Commission hearings. The Court will consider any actual notice Appellant may have received of the existence of the 2007 Cummings Subdivision application, due to the sketch plan proceedings held at the July and August 2007 Planning Commission hearings, only in relation to whether Appellant had adequate notice of the December 19, 2007 Planning Commission hearing at which final plat approval of the 2007 Cummings Subdivision was considered.

A person who qualifies as an interested person under 24 V.S.A. § 4465(b) may be allowed to appeal a decision, notwithstanding having failed to participate in the hearing, either under 10 V.S.A. § 8504(b)(2)(A), if "there was a procedural defect which prevented the person from . . . participating in the proceeding" or under 10 V.S.A. § 8504(b)(2)(C), if "some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed."[16] With regard to the 2007 proceedings, assuming that Appellant is an "interested person" under 24 V.S.A. § 4465(b)(3) with respect to the Cummings subdivision, as the owner of adjoining property, he must qualify under 10 V.S.A. § 8504(b)(2)(A) or (C) to be allowed to bring this appeal.

Moreover, to argue for the right to bring a late appeal under the "manifest injustice" standard of 24 V.S.A. § 4465(b)(2)(C), an interested party must demonstrate that the appeal and the motion for late appeal were filed without additional delay after the existence of the appealable decision and the grounds for appeal become known to the interested party. Compare In re Main St. Place LLC Demolition Permit, No. 163-8-09 Vtec (Vt. Envtl. Ct. Feb. 12, 2010) (Durkin, J.) (entry order) (allowing late appeal when interested party made "effort to appeal upon learning of the ZBA's

_____

[16] As the decision being appealed is not the grant or denial of interested person status, and Appellant makes no argument under 10 V.S.A. § 8504(b)(2)(B), that subsection is not addressed in this decision.

19

unnoticed decision"); In re Feeley Construction Permits, Nos. 4-1-10, 5-1-10 Vtec., slip op. at 7-9 (Vt. Super. Ct. Envtl. Div. July 5, 2011) (Wright, J.) (disallowing late appeal when interested party failed to appeal during the seven months after he had first observed the contested construction).

Of course, the time within which the fact of an unnoticed proceeding may become apparent to an adjoiner may depend on the type of proceeding. For example, a subdivision permit may not result in any observable changes to a subject property for a number of years, while site plan approval or conditional use approval may result in the commencement of construction as soon as possible after approval.

In the present case, material facts are disputed as to when Appellant was on notice of or actually found out about the 2007 Cummings Subdivision. If he first learned of it at the September 15, 2010 Planning Commission hearing, then his appeal a week later, the day following his obtaining the Cummings Subdivision file, should be considered by the Court under the reasoning of Main St. Place.

As described more fully above, 24 V.S.A. § 4464(a)(1) requires "public notice for a warned public hearing" on final plat subdivision review to be given by all of the following three methods: newspaper publication; posting in at least three public places, including posting "within view from the public right-of-way most nearly adjacent to the property;" and written notification to the applicant and to the owners of all adjoining properties (including those across a public right-of-way). 24 V.S.A. § 4464(a)(1).

The statute also provides that "[n]o defect in the form or substance of any requirements in [§ 4464(a)(1) or (2)] shall invalidate the action of the [Planning Commission] where reasonable efforts are made to provide adequate posting and notice." 24 V.S.A. § 4464(a)(5). Nevertheless, even if reasonable efforts are made to provide adequate posting and notice, the statute provides that "[h]owever, the action shall be invalid when the defective posting or notice was materially misleading in content." Id.

20

Thus the Court must first determine if reasonable efforts were made to provide the statutorily required notice and posting of the December 2007 Planning Commission hearing. If reasonable efforts were made to provide the necessary posting and notice, the Court must then determine whether the posting or notice was nevertheless materially misleading in content. In addition, in the present case the Court must determine whether the notice that did go to Appellant regarding his own agenda item for the July and August 2007 Planning Commission hearings affects the reasonableness of the notice for the December 2007 hearing, and must determine whether the cover letter to the "Red P" notice, or the content of that notice, affects the reasonableness of the efforts at posting for the December 2007 hearing. As discussed above, material facts are in dispute, or at least have not been provided in the motion documents, as to these determinations.

If there were procedural defects in notice or posting for the December 2007 Planning Commission hearing, material facts also remain in dispute as to whether such defects prevented Appellant from participating in the December 2007 hearing, and whether, if Appellant were not allowed to proceed with this appeal, it would result in manifest injustice. 10 V.S.A. § 8504(b)(2)(A), (C).

The general rule is well settled in Vermont that a municipal zoning or subdivision decision, even if made in error, that is not timely appealed becomes final and cannot later be challenged in any proceeding. 24 V.S.A. § 4472(d); City of S. Burlington v. Dep't of Corrs., 171 Vt. 587, 588-89 (2000) (mem.) (ruling that 24 V.S.A. § 4472(d) prevents any sort of collateral attack on a zoning decision that is not timely appealed); Levy, 152 Vt. at 142 (ruling that 24 V.S.A. § 4472(d) prevents a collateral attack on a final zoning decision even if that "decision was void ab initio"). Providing finality to applicants is important in that it prevents the legal system from grinding to a halt under the uncertainty of development in a regime in which time limitations are not enforced. In re Town of Killington, 2003 VT 87A, ¶ 17, 176 Vt. 60 (citing Silivanch v.

21

Celebrity Cruises, Inc., 333 F.3d 355, 368 (2d Cir. 2003). The policy of finality also promotes the orderly governance of development by allowing for reasonable reliance on the municipal zoning process and its decisions. See Levy, 152 Vt. at 143.

However, both the "manifest injustice" standard of the statute, 10 V.S.A. § 8504(b)(2)(C), and principles of due process or fundamental administrative fairness require that an appellant must have had actual notice or the required statutory notice of a proceeding to be held to the finality requirement. Main St. Place, No. 163-8-09 Vtec, slip op. at 2; In re Hignite, 2003 VT 111, ¶ 8, 176 Vt. 562.

Because, as discussed above, material facts are in dispute or have not been provided to the Court as to when and to what degree Appellant had actual notice or statutory notice of the 2007 Cummings Subdivision, neither the motion to dismiss nor the motion to take a late appeal can be decided on summary judgment. In particular, facts are in dispute as to the content of the notice provided for or at the earlier hearings on Appellant's own subdivision, whether that notice apprised Appellant of the requirement that he participate in the hearing in order to preserve his right to appeal, and whether any notice of the December 2007 hearing was posted. A telephone conference has therefore been scheduled to discuss whether an evidentiary hearing should be scheduled on the motion to dismiss and the motion to take a late appeal under 10 V.S.A. § 8504(b)(2).[17]

---

[17] As the remedy statutorily prescribed by 24 V.S.A. § 4464(a)(5) is that an action deemed to be invalid either by this Court or by the municipal panel itself "be remanded to the municipal panel for it to provide new posting and notice, hold a new hearing, and take a new action," the Town may apply to intervene under 10 V.S.A. § 8504(n)(6) to present its own evidence and argument if its interests differ from those of the principal parties. It is unfortunate that the issues of the notice and posting required under 24 V.S.A. § 4464(a)(1) are first being addressed more than three years after the relevant hearing.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED as follows:

As discussed above, Question 8 of the Statement of Questions is hereby DISMISSED as beyond the scope of this appeal.

With regard to the 2010 lot line adjustment decision, Appellant received notice of the hearing, was present but did not participate as defined in 24 V.S.A. § 4471, has not shown grounds for being allowed to appeal despite his failure to participate, and therefore lacks standing to appeal the 2010 lot line adjustment decision. To the extent that this appeal is of the 2010 boundary adjustment decision, it is hereby DISMISSED; that is, Question 10 of the Statement of Questions is hereby DISMISSED.

With regard to the 2007 Cummings Subdivision final plat approval decision, the 10 V.S.A. § 8504(b)(2) motion to take a late appeal will be considered to be timely, as it was filed within the time to appeal the 2010 subdivision decision, if and only if Appellant did not become aware of the existence of the 2007 subdivision until or because of the hearing on the 2010 subdivision. That motion, and the motion to dismiss, depend on disputed material facts and cannot be decided on summary judgment on the present record.

Accordingly, a telephone conference has been scheduled at which the parties should be prepared to discuss whether an evidentiary hearing should be scheduled, or whether they wish to supplement their motion materials. The parties should also be prepared to discuss whether mediation is now appropriate if they wish to discuss resolving the merits of the as-subdivided final subdivision plat, which is beyond the scope of this appeal. If the Town wishes intervene or to participate in the telephone conference it shall advise the parties as soon as possible and shall file a motion or the

23

parties' stipulation prior to the telephone conference.

Done at Berlin, Vermont, this 13th day of July, 2011.

_____
Merideth Wright
Environmental Judge