VERMONT SUPERIOR COURT
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

ENVIRONMENTAL DIVISION
Docket No. 24-ENV-00051



| **McPartland ZA Appeal** | **MERITS DECISION** |
|---|---|

In this on-the-record proceeding, John McPartland (Appellant) appeals a June 5, 2024 decision of the Town of Middlebury (Town) Development Review Board (DRB) denying his appeal of a February 21, 2024 determination by the Town Zoning Administrator (Zoning Administrator) declining to pursue zoning enforcement actions against Richard Tinsley for alleged zoning violations occurring at Mr. Tinsley's property located at 13 Washington Street Extension, Middlebury, Vermont (the Property).  Appellant timely appealed the DRB's decision to this Court.

In this matter, Mr. McPartland is self-represented.  The Town is represented by Benjamin W. Putnam, Esq.

## Standard of Review

In an on-the-record appeal made pursuant to V.R.E.C.P. 5(h), the Court considers only the decision below, the record made before the municipal panel, and the briefs submitted by the parties. In re Saman ROW Approval, No. 176-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Sept. 2, 2011) (Durkin, J.).  The Court has no authority to consider new evidence.  See In re Lawrence Site Plan Approval, No. 166-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 9, 2011) (Durkin, J.); In re Marble Dealership Realty LLC Site Plan Approval, No. 169-12-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 13, 2014) (Walsh, J.).[1]  Further, this Court does not have authority to make our own factual determinations and, instead, we review the municipal panel's factual findings to determine whether the decision below "explicitly and concisely restate[s] the underlying facts that support the decision."  See 24 V.S.A. § 1209(a)–(b).  The Court will affirm factual findings only if they are supported by substantial evidence in the record below.  See In re Stowe Highlands Resort PUD to PRD Application, 2009 VT 76, ¶ 76, 186 Vt. 568.  When the Court examines whether there is

---

[1]  It is for this reason that, to the extent Mr. McPartland's brief cites materials not within the record the Court does not consider those materials.

substantial evidence in the record it does not assess the credibility of witness testimony or reweigh conflicting evidence in the record. Devers-Scott v. Office of Prof'l Regulation, 2007 VT 4, ¶ 6, 181 Vt. 248; In re Appeal of Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 2004) (unpublished mem.). Thus, the Court simply looks to whether the record below includes relevant evidence that "a reasonable person could accept . . . as adequate" support for the factual findings. Devers-Scott, 2007 VT 4, ¶ 6 (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997)).

When reviewing the underlying legal conclusions, the Court does so without deference, unless such conclusions are within the DRB's area of expertise. Stowe Highlands, 2009 VT 76, ¶ 7.

Our review is further limited to those issues raised by an appellant in their Statement of Questions. See V.R.E.C.P. 5(f). Thus, we review the DRB's decision on appeal with these legal standards in mind, and within the context of the legal issues preserved by Appellants' Statement of Questions.

## Statement of Questions

Appellant initially filed a 3-page, 4-Question Statement of Questions. In a September 23, 2024 Entry Order, the Court granted the Town's motion to dismiss Questions 1 and 3 and its motion to clarify Questions 2 and 4 to properly reflect the standard of this Court's review. We also struck narrative and/or argumentative language from the Questions. In re McPartland ZA Appeal, No. 24-ENV-00051 (Vt. Super. Ct. Envtl. Div. Sept. 23, 2024) (Walsh, J.).[2] The Court restated Questions 2 and 4 to ask:

> 2. Did the DRB err in upholding the ZA's decision not to take enforcement actions related to screening of the dumpster and parking lot?
>
> . . .
>
> 4. Did the DRB err in upholding the ZA's decision not to take enforcement relating to changes in grade or drainage?

Id. at 4.

## Factual Background

On February 8, 2024, Mr. McPartland submitted a multiple page complaint to the Zoning Administrator requesting that she take enforcement action against his adjoining neighbor, Mr. Tinsley. Mr. Tinsley owns property located at 13 Washington Street Extension, Middlebury, Vermont (the

---

[2] Mr. McPartland filed two motions to reconsider the Court's dismissal of Question 3. Both were denied. See McPartland ZA Appeal, No. 24-ENV-00051 (Vt. Super. Ct. Envtl. Div. Dec. 3. 2024) (Walsh, J.); McPartland ZA Appeal, No. 24-ENV-00051 (Vt. Super. Ct. Envtl. Div. Feb. 6, 2024).

Property).  The February complaint requested that the Town Zoning Administrator undertake enforcement actions that would require Mr. Tinsley to screen a dumpster and parking area on the Property, to submit a zoning plan for grading and stormwater management, and to require Mr. Tinsley to go through conditional use review should he wish to rent the Property to college students in the future.  The Zoning Administrator declined to pursue enforcement action against Mr. Tinsley.  Mr. McPartland appealed that decision to the DRB, which upheld the Zoning Administrator's decision.

In the past, the Property was used as a daycare facility, subject to a conditional use permit from the 1980s authorizing that use with certain conditions, including some related to screening and landscaping.  The Property stopped being used as a daycare at some point in 2021. In 2023, prior to this action, the Property was the subject of a zoning application and decision of the DRB related to the construction of an open-sided gazebo.  The Town approved that application on July 19, 2023.  Mr. McPartland, along with others, appealed that approval to the DRB and participated in that appeal before the DRB.  The DRB upheld the approval in an October 10, 2023 decision.  The DRB's October 2023 decision stated that:

> 5. The DRB concludes that the conditions imposed on the previous use of the subject property, when it was operated as a daycare facility, do not persist into the property's current residential use, which is consistent with the Residential 8 zoning.  Since the daycare use of the property has been discontinued, the permit conditions that governed that use are no longer applicable.

See DRB Decision p. 3.[3]

The October 2023 decision was not appealed.

Mr. McPartland also alleges that in 2022 Mr. Tinsley undertook grading actions on the Property.  Mr. McPartland alleges that this grading activity has caused damage to his property and that Mr. Tinsley must submit a grading and stormwater management plan to the Town for review.

Finally, at one point in time, the Property was rented to college students, which resulted in complaints of disruption and nuisance.  The Property is not presently rented to college students.

## Discussion

### I.  Question 2: Screening

Mr. McPartland argues that screening of a dumpster and parking area on the Property is required by the Property's prior permitting from the 1980s when it was a daycare facility.  He argues

---

[3] The Court notes that the October 2023 DRB decision in full is not a part of the record in this appeal.  It is cited within the decision on appeal and quoted therein.  No party disputes the existence of the October 2023 decision or that the quoted language is accurate.

3

that the October 2023 DRB decision dissolving those prior permit conditions should not or did not dissolve conditions related to screening of these areas. This is a collateral attack on the October 2023 decision.

The "exclusive remedy" for a party seeking to alter a decision of an appropriate municipal panel, here the DRB, is to appeal to this Court. See 24 V.S.A. § 4472(a). If no appeal is taken, the decision of the zoning board is final and cannot be contested "either directly or indirectly" in subsequent proceedings. See 24 V.S.A. § 4472(d); see also Levy v. Town of St. Albans Zoning Bd. of Adjustment, 152 Vt. 139, 142 (1989) (concluding that plaintiffs were unable to collaterally attack a 1984 decision of the zoning board by claiming the decision was void ab initio); Harvey v. Town of Waitsfield, 137 Vt. 80, 83(1979) (stating that § 4472 barred a collateral attack on a zoning board decision when the action challenged the validity of a zoning ordinance from which the board's authority was derived); see also Graves v. Town of Waitsfield, 130 Vt. 292, 295 (1972).

The purpose of § 4472 and the doctrine of finality is based in "strong policy interests." In re Hignite, 2003 VT 111, ¶ 8, 176 Vt. 562. Section 4472 demonstrates the "unmistakable intent to limit zoning disputes to a well-defined procedure and to provide finality at the ends of the proceedings." City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 590 (2000) (mem.); see also In re Hildebrand, 2007 VT 5, ¶ 14.

It is undisputed that in the 1980s, the DRB imposed conditions on the Property to allow it to be used as a daycare facility and that some of those conditions related to screening. Those screening provisions were required as a precondition to the Property's use as a daycare. That use ended prior to Mr. Tinsley's ownership of the Property. In the October 2023 decision, the DRB unambiguously concluded that "the conditions imposed on the previous use of the subject property, when it was operated as a daycare facility, do not persist into the property's current residential use . . .. [Thus,] the permit conditions that governed [the daycare] use are no longer applicable." DRB Decision p. 3 (quoting the October 2023 Decision). Thus, the October 2023 decision dissolved all conditions from the 1980s permit authorizing the daycare facility.[4]

In the present action, Appellant asserts that the screening conditions initially imposed by the 1980s daycare permit were related to parking, not the daycare use, such that they remain in effect. It is, however, undisputed that they were a condition associated with the Property's use as a daycare. If

---

[4] Appellant argues that the conditions related to screening were effective and not-then dissolved when all or some of the screening was removed. Thus, he argues that Mr. Tinsley was in violation of the condition when the activities occurred. Presently, however, and as of the date that the underlying complaint was filed, those conditions have been removed and are no longer operative.

Appellant believed that the October 2023 decision improperly removed conditions of the 1980s permit that remained relevant to the Property in its residential use, he was obligated to appeal that decision to challenge or clarify its impact on those conditions. He did not. Thus, all parties, and this Court, are bound by the October 2023 decision and cannot revisit it at this time. We therefore answer Question 2 in the negative; the DRB did not err in upholding the Zoning Administrator's decision to decline to pursue enforcement against Mr. Tinsley with respect to screening from the daycare permit.

## II.     Question 4: Grading and Drainage

Appellant asserts that Mr. Tinsley undertook grading and/or filling activities in 2022 at the Property that have impacted Appellant's property and that required zoning review such that the Town could pursue enforcement against Mr. Tinsley to require grading and stormwater management plans.

The DRB upheld the Zoning Administrator's denial to enforce on this issue on evidentiary grounds, concluding that Appellant's evidence in support of his request for enforcement was insufficient. This Court, in an on-the-record appeal, when looking at the record, does not reweigh conflicting evidence in the record or reassess witness credibility. See Devers-Scott, 2007 VT 4, ¶ 6; Leikert, No. 2004-213, slip op. at 2 (Vt. Nov. 2004) (unpublished mem.). Functionally, Appellant asks the Court to reweigh the evidence and conclude that the photographs and videos he's provided are sufficient to support a conclusion that zoning enforcement is necessary and to discredit testimony that conflicts with his assertions. The Court will not do so.

Additionally, Appellant points to no relevant provision of the Regulations that would necessitate enforcement. Mr. McPartland directs the Court to Regulations § 540.II.B.5.[5] This section states that an applicant for conditional use review must include with their application plans for site drainage and stormwater retention/treatment depicting site grading. Regulations § 540.II.B.5. Section 540.I.A does not recognize that grading and fill work, alone, as a conditional use that would trigger the need to apply for a conditional use permit and submit such an application for that activity only. See § 540.I.A.

Appellant argues that a plan is required because, in 2022 when he asserts the work was completed, the Property was still subject to the 1980s daycare permit and the activities constituted a "substantial change" either to "a pre-existing development or prior permitted project" or a "project approved under prior Zoning Ordinances as a conditional use." The Regulations then define "substantial" as a change that "could reasonably have an undue adverse effect under any of the review

---

[5] To the extent that Appellant also relies upon 24 V.S.A. § 4416, that section relates to site plan applications that access, or involve work within, a State highway. This provision is not relevant here.

standards in this ordinance." Regulations § 540.I.B. Again, assuming each of these assertions, for the sake of argument, remain relevant, he directs the Court to no "review standards" in the Regulations that would be relevant to the alleged grading alone.[6] More importantly, it is not disputed that presently the 1980s daycare permit is no longer operative.

For these reasons, We answer Question 4 in the negative; we conclude that the DRB did not err in upholding the Zoning Administrator's decision not to pursue enforcement against Mr. Tinsley regarding grading and fill activities at the Property.

### Conclusion

For the foregoing reasons, we answer both questions in the negative and conclude that the DRB did not err in declining to pursue enforcement against Mr. Tinsley related to screening and grading at the Property. The DRB's decision on appeal is therefore **AFFIRMED**.

This concludes the matter before the Court. A Judgment Order accompanies this Decision. Electronically signed this 17th day of June 2025 pursuant to V.R.E.F. 9(D).


Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[6] Despite this conclusion, the Court reiterates to Mr. McPartland what has been stated by both the Zoning Administrator and the Town in its briefing in this matter. While there may not be provisions of zoning law that would govern Mr. Tinsley's alleged changes in grade and remediate the alleged damage to Mr. McPartland's property, nothing in this decision impacts any private, non-zoning legal claim Mr. McPartland may have against Mr. Tinsley related to drainage, grading, or encroachments.

6