2003 VT 57

**STATE of Vermont v. John and Adrienne CARROLL and the John M. Carroll Company, Inc.**

[830 A.2d 89]

No. 02-010

¶ 1. June 13, 2003. The State of Vermont, Agency of Natural Resources appeals from a summary judgment of the Washington Superior Court in favor of defendant property owners. The trial court ruled that the State's action for repayment of funds expended to remediate petroleum contamination on the site was barred by the statute of limitations. The State contends the court erred in concluding that the statute of limitations commenced when the State first expended funds to investigate the site. We reverse and remand.

¶ 2. In 1978, defendants purchased property located in Manchester Center and have retained ownership since the time of purchase. Both defendants and the preceding owners used the property as a fuel distribution and storage facility. Between 1909 and 1978, the property was contaminated by several significant oil spills. During the course of defendants' ownership, there were two spills totaling approximately seventy gallons of gasoline. Active operation of a distribution and storage facility on the property ceased in 1989.

¶ 3. That year, the Agency of Natural Resources (ANR) received reports of petroleum fumes in the basement of defendants' neighbor, the Merlu Corpo-

ration. A preliminary investigation report issued by the State in 1990 indicated that petroleum contamination was emanating from a storage facility on defendants' property. The State informed defendants that they would be named as parties potentially responsible for the contamination. In July 1990, defendants informed the State that they did not have the money to remedy any contamination on their property. The investigation continued. In January and February 1993, the State informed defendants that remedial work was necessary to protect the public health and environment, and that if they did not construct a remediation system to contain and collect the petroleum contamination the State would undertake the work using funds from the environmental contingency fund, and would seek reimbursement for the costs of remediation.

¶ 4. Defendants made no effort to remediate the situation. In July 1993, the State received permission to access the property and to construct a series of groundwater recovery trenches to intercept and collect contaminated groundwater on the property. By the year 2000, its costs in connection with remediating the property exceeded $350,000.

¶ 5. In August 1997, the State filed a claim against defendants, under 10 V.S.A. § 6615, seeking to recover the costs already incurred and those expected to be incurred "to clean up a petroleum release on property owned by defendants."

¶ 6. Following discovery, the State and defendants filed cross-motions for summary judgment on the issue of the statute of limitations. The parties agreed that the six-year statute of limitations found in 12 V.S.A. § 511 applied, but disputed when the State's cause of action accrued.[1] The State argued that the pro-

vision in 10 V.S.A. § 1283(c) allowing it to bring an action to "enforce the obligation to repay the fund" implies that the Legislature intended the State's cause of action to accrue when the remediation is substantially complete and the State's costs are known.[2] Defendants claimed that the cause of action accrued when the State first spent funds to investigate the site in 1990, because that was the date when its cause of action for repayment first became available. See Agency of Natural Res. v. Towns, 168 Vt. 449, 452, 724 A.2d 1022, 1024 (1998) (cause of action accrues upon discovery of facts constituting basis of cause of action). The court agreed with defendants and ruled that the State's claims were time-barred under 12 V.S.A. § 511. This appeal followed.

¶ 7. In construing a statute, our goal is to effectuate the Legislature's intent. Springfield Terminal Ry. v. Agency of Transp., 174 Vt. 341, 346, 816 A.2d 448, 453 (2002). When a statute is unambiguous and the words have plain meaning, we accept that meaning as the intent of the Legislature and enforce the statute according to its terms. Id. at 346, 816

---

[1] Because the parties agreed that the six-year statute of limitations set forth in 12 V.S.A. § 511 governs this action, we do not address the applicability of the statute of limitations set forth in 10 V.S.A. § 8015(2), which provides that actions under certain chapters of Title 10 may be commenced within "six years from the date a continuing violation ceases." See Agency of Natural Res. v. Towns, 168 Vt. 449, 451, 724 A.2d 1022, 1023 (1998). The court may consider the applicability of this section on remand.

[2] Although defendants assert that the State waived any reliance on § 1283 by filing suit under § 6615, we note that the State relied on both statutes in its summary judgment filings, the court considered both statutes in its decision, and we discern no prejudice to defendants from consideration of § 1283.

A.2d at 453. Moreover, we presume statutory language is inserted advisedly and not intended to create surplusage. *Payea v. Howard Bank*, 164 Vt. 106, 107, 663 A.2d 937, 938 (1995).

¶ 8. Applying these principles, we conclude that the statutory scheme contemplates a cause of action for removal and remediation costs, and for the recovery of such costs, that can be distinct from the recovery of investigatory costs. See 10 V.S.A. § 1283(a) (secretary may disburse funds "to investigate or mitigate, or both, the effects of hazardous material releases to the environment"); *id.* § 1283(b)(2) (separately categorizing allowable disbursements that may be made "to investigate," "to take appropriate removal action," and "to take appropriate remedial action"); *id.* § 1283(c) (secretary may bring action to enforce obligation to repay fund). Thus, we conclude that an action for the repayment of investigation, remediation, and removal costs accrues when the State first expends funds for these distinct purposes.

¶ 9. The court viewed this action as beginning when the State first expended monies from the contingency fund to investigate possible contamination on defendants' property. The State filed suit, however, "to recover costs that the State has incurred to clean up" the petroleum release on defendants' property. Although some investigation costs were apparently included within the costs expended by the State, the bulk was alleged to have been incurred for removal and remediation. The trial court made no specific findings as to the date when these expenditures were first incurred. Accordingly, the matter must be remanded for findings on these issues, to determine when the action accrued.

¶ 10. In light of our holding, we need not address the State's argument that the date of accrual should commence only when remediation is substantially complete, or its argument that the claim should be analogized to an indemnity action for purposes of determining the date of accrual.

*The judgment is reversed and the case is remanded to the trial court for further proceedings consistent with the views expressed herein.*

Note. Justice Morse was present when the case was submitted on the briefs but did not participate in this decision.