2005 VT 18

## Casella Construction, Inc. v. Department of Taxes

[869 A.2d 157]

No. 03-269

Present: **Dooley, Johnson, Skoglund and Reiber, JJ., and Allen, C.J. (Ret.),
Specially Assigned**

Opinion Filed February 4, 2005

*John A. Serafino* of *Ryan Smith & Carbine, Ltd.*, Rutland, for
Plaintiff-Appellee.

*William H. Sorrell*, Attorney General, and *Danforth Cardozo, III*,
Special Assistant Attorney General, Montpelier, for Defendant-
Appellant.

¶ 1. **Allen, C.J. (Ret.), Specially Assigned.** Pursuant to a motion for
reargument filed by appellee Casella Construction, Inc. from our
decision in *Casella Construction, Inc. v. Department of Taxes*, No. 03-
269 (Vt. March 10, 2004) (unpub. mem.), we consider the question of
our jurisdiction over this appeal. Casella maintains that we lack juris-
diction because the Department of Taxes filed an untimely notice of

appeal. As discussed below, we conclude that the Department's notice of appeal was timely under V.R.A.P. 4, and we therefore have jurisdiction.

¶ 2. The superior court issued its final judgment in this matter on May 7, 2003. On June 6, 2003, the Department hand-delivered a notice of appeal to this Court. The Department also mailed a notice of appeal to the superior court, which that court received on June 9, 2003. On June 30, this Court sua sponte dismissed the appeal for lack of jurisdiction, concluding that the Department's notice of appeal had been untimely filed. In an August 2003 entry order, we granted the Department's request to reinstate its appeal, indicating that we would consider the jurisdictional question with the merits. In a March 2004 entry order, we concluded that we had jurisdiction, and we reversed the superior court's decision. *Casella Constr., Inc. v. Dep't of Taxes*, No. 03-269 (Vt. March 10, 2004) (unpub. mem.). In August 2004, we granted Casella's motion for reargument on the question of our jurisdiction, and we now reiterate that we have jurisdiction over this appeal.

¶ 3. The timely filing of a notice of appeal is a jurisdictional requirement. *In re Shantee Point, Inc.*, 174 Vt. 248, 259, 811 A.2d 1243, 1252 (2002). Pursuant to V.R.A.P. 4, a notice of appeal must be filed with the superior or district court within thirty days of the entry of judgment or order appealed from. Rule 4 also provides that "[i]f a notice of appeal is mistakenly filed in the Supreme Court, the clerk of the Supreme Court shall note thereon the date on which it was received and transmit it to the clerk of the superior or district court, and it shall be deemed filed in the superior or district court on the date so noted." The Reporter's Notes indicate that this language was added to the rule to address the "common error of a notice of appeal filed in the Supreme Court rather than in the trial court." Reporter's Notes, V.R.A.P. 4.

¶ 4. Casella maintains that the Department's failure to file its notice of appeal in the right place, at the right time, deprives this Court of jurisdiction. According to Casella, the Department's notice of appeal cannot be considered "mistakenly" filed in this Court under Rule 4 because the Department also filed a notice of appeal in the superior court, which indicates that it knew of its obligation to file the notice there.

¶ 5. We decline to interpret Rule 4 so narrowly. See *In re Hignite*, 2003 VT 111, ¶ 9, 176 Vt. 562, 844 A.2d 735 (mem.) (noting

that "appeal rights are to be liberally construed in favor of persons exercising those rights") (citing *Peabody v. Home Ins. Co.*, 170 Vt. 635, 638, 751 A.2d 783, 786 (2000) (mem.)). Considering the purposes served by a notice of appeal, and in light of the rule's plain language, we conclude that when a notice of appeal is filed with this Court within the proper time period, and not with the trial court during that same period, it is "mistakenly filed" within the meaning of Rule 4. We reject Casella's proposed construction of Rule 4 because it would not serve the rule's purposes, it would produce anomalous results, and it would put this Court in the untenable position of ascertaining the intent of parties who file notices of appeal.

¶ 6. A notice of appeal serves two functions — it informs "the parties and the tribunals concerned that the proceedings are not concluded so they may respond accordingly," and it invokes "appellate jurisdiction by accomplishing the transfer of the cause to the reviewing authority while the question sought to be reviewed remains open to appeal." *Badger v. Rice*, 124 Vt. 82, 84-85, 196 A.2d 503, 505 (1963). We require strict adherence to deadlines for filing notices of appeal primarily to serve the goal of finality. *In re Lund*, 2004 VT 55, ¶¶ 3, 7, 177 Vt. 465, 857 A.2d 279 (mem.); see also *Files v. City of Rockford*, 440 F.2d 811, 814 (7th Cir. 1971) (discussing development of federal rules regarding time for filing appeal, and stating that "[t]he basic rationale for insistence upon timely filing is the necessity for providing a precisely ascertainable point of time at which litigation comes to an end."). The purposes served by a notice of appeal were accomplished by the Department's filing here, and the filing occurred within thirty days of the date of the trial court's order. See *In re Shantee Point, Inc.*, 174 Vt. at 259, 811 A.2d at 1252 (finding jurisdiction over appeal from superior court decision where cross-appellant filed notice of appeal in environmental court, and later filed "clarifying letter" with Supreme Court docket clerk, within proper time period for filing a cross-appeal).

¶ 7. We do not consider a party's decision to file a notice of appeal in a particular court critical to the purposes served by the rule, nor are we persuaded that the intent behind such a decision, assuming that it can be ascertained, should determine whether a litigant's right to appeal has been preserved. This Court is the wrong place to file a notice of appeal in the first instance, regardless of a party's intent.

¶ 8. The U.S. Supreme Court addressed an analogous situation in *Smith v. Barry*, 502 U.S. 244 (1992). In that case, the Court held that a document that was intended by a litigant to serve as his appellate brief could serve as a notice of appeal under F.R.A.P. 3. The Court rejected

the argument that appellant's motivation in filing the document was relevant to determining whether the requirements of Rule 3 had been satisfied. *Barry*, 502 U.S. at 248. As the Court explained:

> While a notice of appeal must specifically indicate the litigant's intent to seek appellate review, the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts. Thus, the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal. If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal.

*Id.* at 248-49 (citations omitted).

¶ 9. We find the U.S. Supreme Court's reasoning applicable here. In addition to the impracticality of having this Court attempt to ascertain each party's intent when a notice of appeal is misfiled in this Court, we can discern no purpose that would be served by such an examination. It is the act of filing a notice of appeal within a thirty-day period, not the litigant's motivation in filing it in a particular court, that determines its timeliness under Rule 4. See *In re Lund*, 2004 VT 55, ¶ 3. This is particularly true in light of the plain language of Rule 4, which allows a notice of appeal to be considered filed in the trial court on the date that it is misfiled in this Court.

¶ 10. Like V.R.A.P. 4, the federal rules expressly provide that if a notice of appeal is "mistakenly filed" in the court of appeals, the clerk of the court must note the date on which it was received, and send it to the district court clerk, and the notice is then considered filed in the district court on the date so noted. See F.R.A.P. 4(d). Under the federal rules, a notice of appeal that is mistakenly filed with the court of appeals within the appropriate time period is considered timely filed. See, e.g., *Barry*, 502 U.S. at 249. Casella correctly notes that under the federal rules a litigant is not required to file a copy of his notice of appeal with the appellate court, as under our rules. Compare V.R.A.P. 3(b)(1) (appellant must serve notice of appeal upon clerk of Supreme Court and on each party), with F.R.A.P. 3(d)(1) (district clerk must serve notice of the filing of a notice of appeal on appeals court and each party). It does not necessarily follow, however, that the use of the words "mistakenly filed" in V.R.A.P. 4 therefore require this Court to evaluate a litigant's motivation before allowing an appeal to proceed.

¶ 11. Casella's approach would allow certain litigants to appeal, while denying that right to other similarly situated litigants — all based on a

consideration that is irrelevant to the purposes served by the rule. We do not think that the language of Rule 4 supports such an arbitrary result. In this case, the Department filed its notice of appeal with this Court within thirty days of the trial court's order, and in light of the foregoing discussion, we consider it timely filed under V.R.A.P. 4. We therefore have jurisdiction over this appeal. Given this, our entry order decision of March 10, 2004, which reversed the superior court's order, stands.

*The Department's notice of appeal was timely filed pursuant to V.R.A.P. 4, and we therefore have jurisdiction. The decision of the superior court is reversed consistent with our opinion in Casella Construction, Inc. v. Department of Taxes, No. 03-269 (Vt. March 10, 2004) (unpub. mem.).*

¶ 12. **Reiber, J.,** dissenting. I respectfully dissent. I agree that the Court cannot be put in the position of ascertaining the intent of those who file appeals. Based on this consideration, the majority's conclusion is sound from a policy point of view. But, at the same time, we ought to avoid ignoring the obvious meaning of words when interpreting the rules of appellate procedure. See *State v. Carroll,* 2003 VT 57, ¶ 7, 175 Vt. 571, 830 A.2d 89 (mem.) (construing a statute and presuming that "statutory language is inserted advisedly and not intended to create surplusage").

¶ 13. "Mistaken" is a word that can mean only one thing — an accident. In choosing the word "mistakenly," the rule-makers were willing to allow litigants some latitude when an appeal is filed in the wrong court. See *In re S. Burlington-Shelburne Highway Project,* 174 Vt. 604, 605, 817 A.2d 49, 51 (2002) (mem.) ("The Legislature is presumed to have intended the plain, ordinary meaning of the adopted statutory language."). But we change the meaning of the rule if whenever a notice of appeal is filed with this Court within the proper time period and not the trial court, we construe the notice of appeal as "mistakenly" filed. Although appeal rights should be liberally construed, *In re Hignite,* 2003 VT 111, ¶ 9, 176 Vt. 562, 844 A.2d 735 (mem.), we should not rewrite rules without following the procedures for doing so. See *In re Lund,* 2004 VT 55, ¶ 5, 177 Vt. 465, 857 A.2d 279 (mem.) (refusing to make a de facto enlargement of the appeals period by strictly construing the excusable neglect standard in V.R.A.P. 4).

¶ 14. In this matter, where a jurisdictional challenge was raised, we should adhere to the rule's plain language and remand the case to the

trial court to decide whether the appellant mistakenly filed the notice of appeal in this Court. I therefore dissent.