STATE OF VERMONT

ENVIRONMENTAL COURT

|                                                    |   |                          |
|----------------------------------------------------|---|--------------------------|
|                                                    | } |                          |
| In re Cannon Garage Application                    | } | Docket No. 66-4-09 Vtec  |
|   (Appeal of James Cannon)               | } |                          |
|                                                    | } |                          |

Decision and Order on Motion to Treat Timely Filing with Municipal Officer
as Timely Notice of Appeal

On April 22, 2009, Appellant-Applicant James Cannon moved to treat a document he filed with the Burlington Department of Planning and Zoning on February 19, 2009, as a timely notice of appeal. He seeks to appeal from a January 20, 2009 decision of the Development Review Board (DRB) of the City of Burlington, denying his application to demolish an existing garage at 431 North Street and to construct a larger garage and expand the driveway.

Appellant-Applicant James Cannon is represented by Erin Miller Heins, Esq. The City of Burlington is represented by Kimberlee J. Sturtevant, Esq.

Rule 5(b)(1) of the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) requires an appeal to be filed with the Environmental Court "within 30 days of the date of the act, [or] decision . . . appealed from, unless the Court extends the time as provided in Rule 4 of the Vermont Rules of Appellate Procedure." Under V.R.E.C.P. 5(b)(1), "[i]f a notice of appeal is mistakenly filed with the tribunal appealed from," the appropriate officer of the tribunal is required to note on the appeal the date on which it was received and send it to the Environmental Court, where it is treated as having been filed on the date on which it was received at the tribunal appealed from.

Between November of 2006 and late 2008, Mr. Cannon's application was under consideration by the Design Advisory Board, which makes recommendations to the

1

Development Review Board regarding projects subject to the Design Review sections of the zoning ordinance.

Mr. Cannon's application was heard by the Development Review Board on January 6, 2009. On January 22, 2009, he received the DRB's January 20, 2009 decision denying the application for reasons of its design and scale. The "Reasons for Denial" cover page to the DRB decision stated in part:

> In order to better relate to the built environment, the garage should be no more than 24' across the front and no more than 1 story tall. Inclusion of the lift makes the garage too high.

The "Zoning Request Denial" issued by the Zoning Administrator to accompany the DRB's denial stated that "[a]n interested person may appeal a decision of the Development Review Board to the Vermont Environmental Court until 4 pm on February 19, 2009." The "Reason for Denial" cover page for the DRB's decision advised that "[a]ppeals of a decision of the [DRB] can occur up to 30 days following such decision" and specifically stated in italics that "[*a*]*n appeal of this decision must be submitted by 4 PM on Feb 19 2009*," but it did not state that appeals are required to be filed with the Vermont Environmental Court. The copy of the four-page DRB decision attached to Mr. Cannon's motion contains only pages 1 and 2 of the decision. The Court therefore cannot determine whether the DRB decision also contained any statements that any appeal of the DRB decision should be filed with the Environmental Court, as described on page 1 of the City's May 26, 2009 Opposition memorandum.

Mr. Cannon's affidavit states that he "prepared a submission" to appeal and went to the Department of Planning and Zoning on the afternoon of February 19, 2009, prior to 4 p.m., where he states that he was told by staff "that [he] would have to drive to the Environmental Court in Barre to submit [his] appeal." As he did not have time to drive to the Court, he "filed [his] appeal submission with the Planning and Zoning Office on February 19, 2009 and it was treated as a new application by the [DRB]." At

2

some time after the filing he was informed that the new application would be considered under the current zoning ordinance rather than the one in effect in 2006. Mr. Cannon's affidavit also states that he "ha[s] been informed by the DRB" that he cannot build the project as planned under the current zoning ordinance, but there is no indication that the DRB has issued any further appealable decision on the new application.

V.R.E.C.P. 5(b)(3) provides that "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice" (emphasis added). V.R.E.C.P. 5(b)(3) also lists the required contents of the notice of appeal. Among other things, a notice of appeal must specify the act or decision appealed from.

An important purpose of a notice of appeal is to notify the court and the other parties of the filing of the appeal, so that they have an opportunity to respond accordingly. Casella Constr., Inc. v. Dept. of Taxes, 2005 VT 18, ¶ 6, 178 Vt. 61 (citing Badger v. Rice, 124 Vt. 82, 84-85 (1963)). "If a litigant files in a timely fashion a document that specifically indicates an intent to appeal and gives sufficient notice of that intent, there is compliance with the requirement to file a notice of appeal." In re Shantee Point, Inc., 174 Vt. 248, 259 (2002) (citing Smith v. Barry, 502 U.S. 244, 248 (1992)). Thus, if the document can been read in any way as providing notice of Mr. Cannon's intent to appeal the DRB's January 20, 2009 decision, the document would be treated as a timely-filed notice of appeal, as the City does not contest that it was filed with the Planning and Zoning Department on February 19, 2009. See V.R.E.C.P. 5(b)(1).

The document is addressed to the "Zoning Approval DRB" and is signed and dated February 17, 2009, two days prior to Mr. Cannon's being told that the appeal documents should have been filed at the Environmental Court, and before he learned that a new application would be considered under the new ordinance, or that a new

3

application would not be approvable under the new ordinance.  The document reads in full as follows (emphasis added):

> I am sending you some <u>new</u> drawings to review for a <u>new</u> meeting. Plans have been <u>revised</u> towards suggestions made by DRB, back in January of 2009[, then] <u>redrawn once again</u> per notice sent by DRB "Certified Mail" on January 22, 2009.
>
> 1.  I have cut[ ]out the lift option[,] reducing the height.
>
> 2.  Dropped the width to the [Design Advisory Board] suggestions.
>
> 3.  [Then] lengthened the depth to accommodate storage (Classic car) instead of using the lift, as was suggested by the DRB, per the "Certified Letter".
>
> This makes the overall foot print larger (in depth only, not to be seen by roadway).  Creating the layout to appear smaller in design, but still accommodate the "hiding" of vehicles to create the illusion of a cleaner yard.  Which would make the surrounding area have a cleaner appearance.
>
> The DRB proposed that the front bay doors should be of the same size and should be no more than 2 bays.  The <u>new proposed drawings</u> dictate that decision, and the ceiling height and width has been reduced.
>
> I shall be dropping these <u>new plans</u> off this week, before your deadline of Feb 19th 2009.

Nothing about this document states, indicates, or even suggests or implies that Mr. Cannon wished to file it as an appeal from the decision of the DRB.  It does not use the word appeal, and does not seek to challenge the DRB's January 20, 2009 decision in any way.  Rather, it proposes changes to the project aimed at addressing the reasons for the denial, contained in "new proposed drawings" and "new plans," and it requests the DRB to consider the revised project.[1]  If it had been a notice of appeal, it would be considered to be timely, but even under the relaxed standards of V.R.E.C.P. 5(b)(3)

_____

[1] If the DRB rules on the new plans, or considers the revised plans as a continuation of application #07-363-CA, of course, Mr. Cannon will be free to appeal from that decision, including to argue that the revised application be considered under the prior ordinance.

allowing for "informality of form or title," this document cannot be construed to be a notice of appeal.  See In re Shantee Point, Inc., 174 Vt. 248, 259 (2002).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Mr. Cannon's Motion to treat the document he filed with the municipal officer as a timely Notice of Appeal is DENIED, concluding this purported appeal.

Done at Berlin, Vermont, this 1st day of June, 2009.

_____
Merideth Wright
Environmental Judge