In re: Estate of Farwell W. Perry, No. 987-12-09 Rdcv (Cohen, J., Mar. 23, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE:  ESTATE OF FARWELL W. PERRY | ) | **Rutland Superior Court** |
| | ) | **Docket No. 987-12-09 Rdcv** |
| | ) | |

## DECISION ON MOTION TO DISMISS APPEAL, FILED JANURARY 4, 2010

William G. Post, Jr., as administrator CTA of the Estate of Farwell W. Perry, moves to dismiss the appeal by John Connell of the admittance of Farwell Perry's Last Will and Testament by the Rutland Probate Court. William G. Post, Jr. is represented by Craig Weatherly, Esq. John Connell appears *pro se*.

## BACKGROUND

The Last Will and Testament of Farwell W. Perry, dated October 31, 2008 (the "Vermont Will"), was admitted to probate in the Rutland Probate Court on September 1, 2009. On that same date, the court appointed William G. Post, Jr. as Administrator CTA of the Estate of Farwell W. Perry ("the Estate"). According to the Probate Court's Order, all known heirs and the surviving spouse of Farwell Perry consented to allowance of the will.

John Connell is a legatee in the amount of $100,000 in a Last Will and Testament of Farwell Perry, dated April 13, 2005 (the "Connecticut Will"). On December 31, 2009, Mr. Connell filed a notice of appeal of the Rutland Probate Court's Order. He argues that the Connecticut Will is the valid last will and testament of Farwell Perry because the Vermont Will was the product of undue influence and was made at a time when Farwell Perry lacked testamentary capacity. Mr. Connell further argues that he did not receive notice from the Estate regarding the allowance of the Vermont Will by the Rutland

Probate Court. Mr. Connell states that he only knows of the Vermont Will because Henry Pascarella, the Temporary Administrator of the Connecticut Estate, made him aware of it.

Mr. Post, as Administrator CTA, moves for dismissal of Mr. Connell's appeal. Administrator Post argues that Mr. Connell lacks standing and that his notice of appeal was untimely.

## DISCUSSION

Under V.R.C.P. 72(a), a notice of appeal from a decision of a Probate Court must be filed with the Register of the court within the time provided by V.R.A.P. 4. Thus, notice of appeal is required to be filed with the clerk of the Probate Court "within 30 days of the date of the entry of the judgment or order appealed from." V.R.A.P. 4(a).

The Probate Court, however, may reopen the time for appeal upon a motion filed with 90 days of entry of the judgment or order or within 7 days of receipt of notice of the entry of the order, whichever is earlier, if the court finds (a) that a party entitled to notice of the entry of judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and (b) that no party would be prejudiced. V.R.A.P. 4(c).

A party may also file a motion for extension of time to appeal if the party so moves no later than 30 days after the 30 days prescribed by V.R.A.P. 4(a) expires and the party shows excusable neglect or good cause. V.R.A.P. 4(d).

Here, the Probate Court issued its Order on September 1, 2009, and John Connell did not file his notice of appeal until December 31, more than 30 days after the Order. See V.R.A.P. 4(a). Furthermore, Mr. Connell never filed a motion to reopen the time for appeal or a motion for extension of time with the Probate Court, or this Court, within 90

2

days of its Order. See V.R.A.P. 4(c);(d). Thus, Mr. Connell's notice of appeal was not timely filed.

"The timely filing of a notice of appeal is a jurisdictional requirement." *Casella Constr. Co. v. Dep't of Taxes*, 2005 VT 18, ¶ 3, 178 Vt. 61. This Court does not have jurisdiction to hear the appeal. As this is dispositive of the Motion to Dismiss, the Court need not address the issue of standing.

## ORDER

Administrator William G. Post, Jr.'s Motion to Dismiss, filed January 4, 2010, is GRANTED.

Dated at Rutland, Vermont this _____ day of _____, 2010.


_____
Hon. William Cohen
Superior Court Judge