VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        22-AP-279

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2023

| | |
|---|---|
| Aerie Point Holdings LLC v. Vorsteveld Farm LLC* | } APPEALED FROM: <br> } <br> } Superior Court, Addison Unit, <br> } Civil Division <br> } CASE NO. 72-4-20 Ancv <br> Trial Judge: Mary Miles Teachout |

In the above-entitled cause, the Clerk will enter:

Defendant appeals from the denial of its request to extend the appeal period and the denial of its motion for reconsideration. It argues that the trial court's August 2022 decision was not a final appealable order and that its notice of appeal was timely. Alternatively, it contends that the court should have extended the time for filing a notice of appeal. We affirm.

The court set forth the following timeline of events in response to defendant's motion to clarify. In March 2022, following a five-day trial, the trial court issued a decision on the merits of plaintiff's complaint. It found that plaintiff proved its claims of trespass against defendant based on the disposal of wastewater from a tile drain system onto plaintiff's land and nuisance based on noxious smell. The court found plaintiff was entitled to injunctive relief and directed plaintiff to file a proposed order.

Plaintiff filed a proposed order in April 2022, which was followed by defendant's opposition and plaintiff's response. In mid-May 2022, the court issued an entry order resolving the terms of the final injunction as to water and sediment. It required the parties to communicate regarding the terms of the injunction concerning smell "so that a specific and narrowly tailored injunction [could] be formulated." The court indicated that, absent an agreement, it would hold a status conference to discuss terms. It held a June 6, 2022, status conference and provided the parties another opportunity to reach an agreement. The court stated that if the parties could not agree, it would issue judgment. It reiterated this in writing.

On July 15, 2022, the parties still had not agreed to any terms and defendant submitted a proposed injunctive order. Plaintiff objected and defendant responded. On July 25, 2022, the court scheduled a "non-evidentiary hearing . . . on terms of injunctive relief re odor." The parties were directed to continue their discussions and be prepared to identify specific points of disagreement. The hearing was held on the morning of August 15, 2022. The parties were given a fourth opportunity during the hearing to reach an agreement. When that failed, the court asked

the parties if they wanted "any more time to try to come up with something between you" or if the court should "just go ahead and do something based on the evidence" and the information provided at the hearing. Plaintiff's attorney responded that it made "sense to put something in place so that we can move this along." Plaintiff's counsel then requested information from defendant about an ammonia testing procedure, which defendant's attorney agreed to provide. In response to the court's question about issuing a judgment, defendant's counsel responded, "I think at this point, the court has enough information," and that further discussions would not be productive. The parties discussed the provision of the ammonia test information and agreed that defendant would provide it to plaintiff by September 1, 2022. The court then told the parties that it would "go ahead and craft a final order based on what [it had] heard."

Following the hearing, the court issued a scheduling/entry order. In the "order" portion of the entry order, it stated that defendant's attorney "shall provide to [p]laintiff's counsel specific information about the ammonia test that Def's expert intends to conduct during a noticed smell event no later than September 11, 2022." In the "Next Steps" part of the order, the court wrote "Court will determine terms and issue final order."

Later that day, the court issued a document entitled "Judgment." The document stated: "[p]ursuant to the Decision filed March 28, 2022, and after consideration of the requests and suggestions for specific terms of injunctive relief offered by the parties, the court hereby issues a final judgment in the case consisting of the injunctive relief set forth below." It enjoined defendant from allowing water and sediment onto plaintiff's land and prohibited it "from permitting gases with a noxious odor as described in the above referenced Decision to travel from any of its manure pits downgradient and settle and remain on Plaintiff's land for more than an hour." The order further provided that: "For a period of three years from this date, either party may file a post-judgment motion seeking to modify the terms of this injunction to include terms that are more specific and narrowly tailored, subject to" certain prerequisites set forth in the judgment order. The judgment was entered on August 15, 2022, and notice of the judgment and a copy of the scheduling/entry order were sent to the parties on August 19, 2022.

On September 21, 2022, defendant filed a motion to clarify and a request for an extension of time in which to file a notice of appeal. The court denied both requests. Referring to the timeline above, the court found that its August 15, 2022, decision was a final judgment. The decision finally disposed of the subject matter of the case, it was the court's last action disposing of all the issues, and it was described in the document itself as a "final judgment." The court explained that the parties had agreed at the hearing regarding the provision of the ammonia test information and, in its scheduling/entry order, the court simply set a date for that to occur. It found nothing in the record to support the argument that the court intended the discussions between the parties to continue after August 15, 2022. No termination date was established for ongoing communication, as had previously occurred. The attorneys had each declined the opportunity for further discussion. Given the parties' position at the hearing, the court stated its intention on the morning of August 15 to craft a final injunctive order based on available evidence and information. It did so in the afternoon as shown on the document itself, which was labeled a "judgment" and which provided in the second line of the document that it was a "final judgment."

The court also denied defendant's motion to extend the time in which to file an appeal, finding that defendant failed to establish excusable neglect or good cause. It found that defendant had clear notice that a final judgment had issued and that the timing of filing a notice of appeal was entirely within defendant's control. The court reiterated that defendant's counsel

2

was present at the August 15 hearing, she was familiar with the record as laid out in the decision on the motion to clarify, and she was able to read the clear language included in the court's judgment order. Even if defendant's counsel mistakenly believed that there would be further discussion with plaintiff's counsel about a possible agreement on specific terms of the odor injunction, once she received the judgment and saw the language in the order to the contrary, counsel had the ability to clarify the situation before the appeal period expired. The court thus found no excusable neglect. The court similarly found that defendant could not establish good cause because it required that there be "no fault on the movant's part," such as, for example, the "failure of the Postal Service to deliver the notice of appeal." Reporter's Notes—2006 Amendment, V.R.A.P. 4. The court found defendant in control of and at fault for the failure to make a timely filing.

Defendant moved for reconsideration, which the court denied. It found no basis to alter its earlier ruling. It also rejected defendant's argument that, under Vermont Rule of Civil Procedure 6(e), three days should be added to the appeal deadline to account for mailing. It explained that former Rule 6(e) applied when service was made by parties under Civil Rule 5, and it did not support adding three days when the court sent notice of a judgment by electronic means. The court reiterated that its August decision was a final disposition of the subject matter of the case. It noted that the terms of the injunction related to smell provided for the possibility of a post-judgment motion under narrowly defined conditions that might never occur. It found that the inclusion of this possibility was within the framework of the equitable remedy of the injunctive relief provided and it did not reflect any unfinished disposition of issues in the case. It emphasized that the court's work on the case was concluded as of its August 2022 judgment. Defendant now appeals.

Defendant essentially repeats the same arguments on appeal. It contends that the court erred in characterizing the August 2022 judgment as a final order. Defendant argues that it could not discern whether the scheduling/entry order or judgment took precedence and that it reasonably concluded that additional steps would be taken given the terms of the entry order. It maintains that the judgment order did not end the litigation on the merits because the issue of ammonia testing remained outstanding. Defendant also argues that the judgment was not final because it provided that either party could file a post-judgment motion seeking to modify the injunction.

The trial court did not err in concluding that its August 15, 2022, decision was a final appealable judgment.

> The test of whether a decree or judgment is final is whether it makes a final disposition of the subject matter before the [c]ourt. We require that the decree or judgment disposed of all matters that should or could properly be settled at the time and in the proceeding then before the court.

State v. CNA Ins. Cos., 172 Vt. 318, 322 (2001) (quotations omitted). That standard is satisfied here.

As set forth above, the parties long negotiated over the terms of the injunction related to odor. Both parties were aware at the August 2022 hearing that the court would be issuing a final judgment and they asked the court to do so. The date by which defendant would provide the ammonia testing process to plaintiff was agreed upon at the hearing. It did not represent an unresolved issue in the case and its provision to plaintiff did not undermine the finality of the

3

court's judgment. Indeed, the terms of the scheduling/entry order required no further court involvement. The judgment order resolved the issues in the case and it was evident from the terms of the document—including its title and the statement that it was a final judgment—that it was the final decision in the case. The court's acknowledgement that the parties could file post-judgment motions does not show that there remained outstanding issues for the court to decide. As the trial court explained, moreover, to the extent that counsel was confused by receiving a judgment order, along with a scheduling/entry order that reflected what the parties had agreed to at the hearing, counsel could have sought clarification before the appeal period expired. The existence of the scheduling/entry order does not undermine the final nature of the judgment order issued by the court.

Defendant next asserts that it filed a timely motion to clarify and to appeal. It states that it attempted to file a notice of appeal on September 20 and the filing was rejected. Defendant suggests that the trial court found that its notice of appeal needed to be filed by September 20 and that we must adopt this date as well.

We reject this argument. The Vermont Rules of Appellate Procedure govern the deadline for filing a notice of appeal. By rule, the notice of appeal needed to "be filed with the superior court clerk within [thirty] days after entry of the judgment or order appealed from." V.R.A.P. 4(a)(1). The judgment was entered on August 15, 2022. Although it was mailed several days later, the entry date is the controlling date for purposes of filing a notice of appeal. Thus, the notice of appeal needed to be <u>filed</u> (not mailed) by September 14, 2022. No attempt to file a notice of appeal was made until September 20, 2022, outside the thirty-day appeal period. See <u>Casella Constr., Inc. v. Dep't of Taxes</u>, 2005 VT 18, ¶ 3, 178 Vt. 61 (recognizing that "timely filing of a notice of appeal is a jurisdictional requirement"). The trial court did not identify a different filing deadline, nor would we be bound by its decision if it had done so. It merely observed that, even if the appeal period began when the decision was sent to the parties (rather than entered), the notice of appeal was still not timely filed. The court expressly stated that it took no position on the precise date that the appeal period expired because it was unnecessary to do so. As the court explained, moreover, the three-day mailing rule formerly provided in Civil Rule 6(e) does not apply here. Even if it did, it would not help defendant. Defendant's notice of appeal would still be untimely.

Finally, defendant argues that the court erred in denying the request to extend the appeal deadline. It maintains that it demonstrated excusable neglect and good cause because it was reasonably confused after receiving the judgment and scheduling/entry order on August 15, 2022.

We review the court's decision for abuse of discretion, <u>Solomon v. Design Dev., Inc.</u>, 139 Vt. 251, 252-53 (1981), and we find none. As set forth above, the court found the record clear as to the finality of the judgment order it issued. To the extent that defendant was confused, defendant could have sought clarification within the appeal period. While defendant contends that it was without fault, the trial court concluded otherwise. It considered the factors relevant to excusable neglect, see <u>In re Town of Killington</u>, 2003 VT 87A, ¶ 16, 176 Vt. 60, finding several of the factors not particularly significant in this case. It did not find that these factors favored defendant, as defendant asserts. The court focused on the third factor—the reason for delay—and concluded that there were no outside circumstances to blame for the late filing. See <u>id</u>. (explaining that, "[d]espite the flexibility of the standard and the existence of a four-factor test, the appropriate focus is on the third factor: the reason for delay, including whether it was within the reasonable control of the movant"). The court provided reasoned

grounds for its decision as to good cause as well. The fact that defendant disagrees with the court's conclusion does not establish an abuse of discretion. See, e.g., <u>Meyncke v. Meyncke</u>, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion). We find no error in the court's denial of defendant's request.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice