**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    23-AP-144



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

SEPTEMBER TERM,   2023

| | |
|---|---|
| Town of Bennington v. M.V. Properties, Inc.\* | } APPEALED FROM: <br> } <br> } Superior Court, Bennington Unit, <br> } Civil Division <br> } CASE NO. 22-CV-03668 <br> Trial Judge: John W. Valente |

In the above-entitled cause, the Clerk will enter:

Defendant M.V. Properties appeals a foreclosure order based on a judgment lien. On appeal, defendant raises several arguments concerning the enforcement action that led to the imposition of fines and the judgment lien. We dismiss the appeal as untimely filed.

Plaintiff, the Town of Bennington, filed this foreclosure complaint based on a judgment lien in October 2022. The complaint alleged that the Town obtained a judgment against defendant in an enforcement action based on violations of the Town's housing, building, and safety ordinances and codes, defendant did not cure the violations, and the amount due exceeded $55,000. The Town's complaint averred that defendant was served with the complaint and the returns of service were filed with the court. Defendant did not enter a pleading or an appearance, and plaintiff moved for default judgment. Defendant failed to plead or otherwise defend pursuant to Vermont Rules of Civil Procedure 12(a) and 80.1(c). Default was entered upon defendant in December 2022.

In February 2023, an attorney entered a notice of appearance for defendant and requested a continuance of a hearing set in one business day for a different defendant, who was an occupant of the property.\* The Town opposed the request, citing the last-minute nature of the request, defendant's failure to defend and lack of participation in the proceeding up to that point, and the fact that a default judgment had already been entered against defendant. The court

---

\* The foreclosure action was filed against defendant and several other defendants, who occupied the building. Default judgment was granted against all defendants except one occupant, who entered a notice of appearance.

deferred action and then denied the motion at the hearing, concluding that there was no basis to continue the hearing given that it was not applicable to defendant.

Defendant also moved to dismiss the foreclosure complaint on the grounds that defendant had entered into an agreement to sell the property to a third party. The Town opposed the motion, and defendant subsequently voluntarily withdrew it. As requested by the court, the Town submitted a proposed judgment with a redemption date after the closing date for the property. Defendant did not oppose the proposed judgment order. After the property closing, defendant satisfied the lien and requested a certificate of redemption, which was granted by stipulation of the parties.

The trial court entered the judgment and a decree of foreclosure on March 15, 2023, based on the unopposed proposed judgment order. The order included the following language: "If you wish to appeal this judgment, you must request permission to appeal by motion filed with the Court within fourteen (14) days of the date of entry of judgment, not including that date or Saturdays, Sundays, or legal holidays."

On April 3, 2023, defendant moved for permission to appeal the foreclosure judgment. Defendant argued that the case did not fall within the scope of the statute requiring permission to appeal because it was not an appeal of a mortgage foreclosure and also that, if permission was required, there were grounds to appeal. The items that defendant listed as issues for appeal all related to the underlying enforcement action. Defendant did not seek an extension of the appeal period. The Town opposed the request to appeal, arguing that the statute covered foreclosure based on judgment liens and that the request was untimely filed outside of the fourteen-day time period, which by rule includes weekends and holidays.

The trial court granted defendant's request for permission to appeal. The court concluded that it had authority to extend the appeal period because the information on the order regarding defendant's appeal rights was incorrect.

We conclude that the appeal was untimely filed and dismiss for lack of jurisdiction. A judgment for foreclosure may be appealed with permission of the superior court. 12 V.S.A. § 4601. The request for permission to appeal must be filed within fourteen days of entry of judgment. V.R.C.P. 80.1(m); V.R.A.P. 6(a)(1). Contrary to the language in the order, the fourteen days includes intermediate Saturdays, Sundays, and legal holidays. V.R.C.P. 6(a)(1)(B). Here, judgment was entered on March 15, 2023. Therefore, a motion for permission to appeal had to be filed by March 29, 2023. The motion was not filed until April 3, 2023.

The superior court's attempt to extend the appeal period was not authorized by the rules. The timely filing of a notice of appeal is a jurisdictional requirement. See Casella Constr., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 3, 178 Vt. 61 (recognizing that "timely filing of a notice of appeal is a jurisdictional requirement"). The civil division indicated that it was extending the appeal period under Vermont Rule of Appellate Procedure 4(c)(2), which allows a court to reopen the time to file an appeal if "the court finds that a party entitled to notice of the entry of the judgment or order did not receive that notice from the clerk or any party within 21 days of its entry." The court had no grounds to extend the appeal period under Rule 4(c)(2) in this case because defendant timely received notice of entry of judgment. Defendant did not oppose the proposed judgment order with the faulty language and, after entry of judgment, defendant neither moved to

2

extend the appeal period nor advanced any other basis on which the appeal period could be extended.

Dismissed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice