VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.    22-AP-331

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

OCTOBER TERM,   2023

Jennifer Knapp (Dasler) v. Timothy Dasler\*     }
                                               }     APPEALED FROM:
                                               }
                                               }     Superior Court, Windsor Unit,
                                               }     Family Division
                                               }     CASE NO. 74-6-17 Oedm
                                                     Trial Judge: Heather J. Gray

In the above-entitled cause, the Clerk will enter:

Father appeals the family court's order denying his motion for reconsideration of previous orders in which the court denied his requests to modify parental rights and responsibilities, to hold mother in contempt, and to reopen the evidence as to modification.  We affirm.

The parties were married for five years and have one minor daughter.  They were divorced in August 2018.  In the final divorce order, the family court awarded mother primary legal and physical parental rights and responsibilities and established a fifty-fifty parent-child contact schedule.  Father appealed that decision to this Court, and we affirmed.  Dasler v. Dasler, No. 2018-301, 2019 WL 2359608 (Vt. June 3, 2019) (unpub. mem.) [https://perma.cc/7LDD-V462].[1]

In March 2020, father moved to modify the final divorce order to give him sole legal and physical parental rights and responsibilities and to hold mother in contempt for allegedly enrolling the parties' child in a different school without consulting him and failing to participate in mediation.  The court scheduled a hearing in May 2022.  Prior to the hearing, father requested a continuance so that he could conduct a deposition of daughter's therapist, whom he intended to call at the hearing.  The court denied that motion and father's written and oral motions to reconsider.  Mother, father, and daughter's therapist testified at the hearing, which took a full day.

---

[1]  Father has filed two other appeals from the underlying divorce proceeding.  In Dasler v. Dasler, No. 2020-124, 2020 WL 6542001 (Vt. Nov. 6, 2020) (unpub. mem.) [https://perma.cc/NN9X-XWW5], we affirmed the family court's denial of father's motion to hold mother in contempt for allegedly failing to return certain personal items to him.  In Dasler v. Dasler, No. 2020-146, 2021 WL 840982 (Vt. Mar. 5, 2021) (unpub. mem.) [https://perma.cc/8978-PU7X], we affirmed the family court's order denying father's request to vacate the divorce order due to alleged fraud by mother.

Father subsequently moved to reopen the evidence and to set an additional hearing. He argued that he was unable to impeach the therapist regarding certain testimony and did not have enough time to present evidence about mother's alleged violations of the custody and contact provisions in the final divorce order. He then filed a renewed motion for more hearing time to question the therapist and asked the court to strike testimony suggesting that the therapist had provided him with daughter's records.

On September 30, 2022, the court issued a decision denying father's motions to modify parental rights and responsibilities and hold mother in contempt. In a separate order entered on the same date, the court denied father's motions to reopen the evidence and to strike the therapist's testimony.

Father moved for an extension of time to "respond and/or appeal." The family court granted the motion and gave father until November 4, 2022, to move for relief under Vermont Rule of Civil Procedure 59 or file a notice of appeal.

On November 7, 2022, father filed a motion for reconsideration in which he argued that the court misconstrued the evidence at the hearing and improperly sustained the objections of therapist's attorney, the therapist had a conflict of interest and should not be trusted, and he should have been allowed to impeach the therapist. He argued that mother had violated the divorce order in various ways and asserted that she lied in her testimony. He accused the court of bias against him. He argued that he should have been afforded more hearing time. He again asked the court to grant a new hearing due to these alleged errors.

The trial court denied the motion on November 22, 2022, concluding that father raised issues that had already been litigated and decided and did not present any new grounds for relief. Father filed his notice of appeal—his fourth to this Court—on December 5, 2022.

As a threshold matter, we reiterate our conclusion, previously communicated to the parties by entry order, that this Court only has jurisdiction to review the family court's November 22, 2022 order. A notice of appeal ordinarily must be filed within thirty days after entry of the order appealed from. V.R.A.P. 4(a). "The timely filing of a notice of appeal is a jurisdictional requirement," and "[w]e require strict adherence to deadlines for filing notices of appeal." Casella Constr., Inc. v. Dep't of Taxes, 2005 VT 18, ¶¶ 3, 6, 178 Vt. 61. A motion to alter or amend the judgment under Vermont Rule of Civil Procedure 59(e) tolls the running of the appeal period if it is filed within twenty-eight days of the order. See V.R.A.P. 4(b) ("If a party timely files [a Rule 59(e) motion] . . . the full time for appeal begins to run for all parties from the entry of an order disposing of the last remaining motion"); V.R.C.P. 59(e) (requiring motion to alter or amend to be filed within twenty-eight days after entry of judgment). Father's motion to reconsider the court's September 30, 2022 orders was filed on November 7, more than twenty-eight days later. It therefore was not timely under Rule 59(e) and did not toll the running of the appeal period from the September orders. Although the trial court ostensibly extended the time for father to file his motion, it lacked the authority to do so. See V.R.C.P. 6(b) (stating court "must not extend the time to act" under certain rules, including Rule 59(e)).

Accordingly, this Court informed the parties at the outset of the appeal that the only order it had jurisdiction to review was the family court's November 22, 2022 order denying reconsideration, because father's notice of appeal was filed within thirty days of that order. Father filed multiple motions asking this Court to reconsider its decision, which we denied. In

his appellate briefs, father repeats his arguments that this Court erred in determining that it only had jurisdiction to review the family court's November 22, 2022 order. Insofar as father repeats the same arguments that he previously made by motion, we see no basis to revisit our decision. We recognize that mother was self-represented, but this did not excuse him from complying with court rules. See In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 22, 188 Vt. 262 ("The court does not abuse its discretion where it enforces the rules of civil procedure equitably, even against a pro se litigant." (quotation omitted)).

Father argues that his motion to reconsider should have been treated as a Rule 60(b) motion, which would make it timely for tolling purposes. See V.R.C.P. 60(b) (allowing court to provide relief from judgment for mistake, newly discovered evidence, or fraud by adverse party if motion filed within one year of judgment); V.R.A.P. 4(b). However, father's motion did not refer to Rule 60 and did not allege any of the bases for relief set forth in that rule. It is plain from the arguments in the motion that it was brought pursuant to Rule 59(e). See Fournier v. Fournier, 169 Vt. 600, 601 (1999) (mem.) (stating that motion denominated as motion to reconsider was indistinguishable from motion to alter or amend judgment). Father's attempt to recategorize it now is not supported by the record.

Father further argues that our determination that we lack jurisdiction to review the September 2022 orders should mean that our decision on the merits of this appeal will lack preclusive effect in other courts. Consistent with our case law, we take no position regarding the preclusion consequences of this decision. See Alden v. Alden, 2010 VT 3, ¶ 8, 187 Vt. 591 (mem.) ("The general rule is that a court should not dictate preclusion consequences at the time of deciding a first action.").

We therefore turn to the family court's November 22, 2022 order denying father's motion to reconsider. Such a motion "is addressed to the sound discretion of the trial court, and that court's ruling is not reversible unless it constitutes a manifest abuse of discretion." Chelsea Ltd. P'ship v. Town of Chelsea, 142 Vt. 538, 540 (1983). "[A]buse will be found only when the trial court has entirely withheld its discretion or where the exercise of its discretion was for clearly untenable reasons or to an extent that is clearly untenable." Brueckner v. Norwich Univ., 169 Vt. 118, 133 (1999) (quotation omitted).

There was no abuse of discretion here. Many of father's arguments in his motion to reconsider, such as his claims that he was not afforded sufficient hearing time and that he was improperly prevented from impeaching the therapist, were repetitious of previous motions to the court, which it had considered the arguments and decided against him. See 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 (3d ed.) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Other arguments simply challenge the court's assessment of the evidence and weighing of witness credibility, matters which fall within the court's sole discretion. See Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it was the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."). Father's disagreement with the court's decision does not equate to an abuse of discretion. See Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments which amount to nothing more than disagreement with court's reasoning and conclusion do not make out case for abuse of discretion).

Father claims that the court's order must be reversed because the superior judge was motivated by bias against him.[2]  A judge "is accorded a presumption of honesty and integrity, with burden on the moving party to show otherwise in the circumstances of the case." Ball v. Melsur Corp., 161 Vt. 35, 39 (1993) (quotation omitted).

Father's claim of bias rests on two grounds.  First, he cites the court's discussion in its November 7, 2022 order about potential sanctions.  The court explained that since March 2020, father had moved to reconsider nearly every substantive order issued by the court.  It listed twelve such motions filed by father.  The court noted that it had denied nearly all of these motions.  Many were denied because father had failed to raise any new argument or fact that had not already been raised or litigated.  The court compared father's litigation conduct to that of the father in Fox v. Fox, 2022 VT 27, 216 Vt. 460, against whom this Court upheld the trial court's imposition of a prefiling injunction after he repeatedly filed vexatious, harassing, and duplicative motions with no support in fact or law that appeared to be motivated by a desire to harass his ex-spouse.  The court noted, however, that mother in this case had not yet sought such a sanction against father, and it did not impose any sanctions against him.

The above discussion was not indicative of judicial bias.  See In re Wildlife Wonderland, Inc., 133 Vt. 507, 513 (1975) (noting presumption that "all evidence bearing upon issues considered by the trier was heard with impartial patience and adequate reflection," and stating that "[a] decision contrary to the desires of a party does not denote bias").  The court was simply warning father, in a neutral and objective fashion, that his pattern of repeatedly seeking reconsideration of every ruling without offering any new factual or legal justification could be interpreted as harassment and potentially lead to sanctions under Vermont Rule of Civil Procedure 11.  The court did not actually impose any sanction against him or make any statement that indicated partiality in favor of one side or the other.

Father also points to various rulings made by the judge—including several that are not part of the record on appeal because they either pre-dated the September 30, 2022 order or were made after father filed his notice of appeal—as evidence of her alleged bias.[3]  To overcome the presumption of judicial impartiality "it is not enough merely to show the existence of adverse rulings, no matter how erroneous or numerous, or that the judge expressed a comment or opinion, uttered in the course of judicial duty, based upon evidence in the case." Gallipo v. City

---

[2]  Defendant did not move to recuse the judge until after this appeal was filed.  That motion and the resulting order are not part of the record in this appeal, and we do not consider them.

[3]  Defendant moved for reconsideration of our April 4, 2023 order denying his request to include a December 2022 order addressing parent coordination and a March 2023 order denying father's motion to disqualify the judge as part of the record in this appeal.  We indicated that the motion would be decided with the merits of the appeal.  We now deny the motion because these orders were entered after father filed his notice of appeal and are therefore not subject to review in this appeal. See Fox v. Fox, 2022 VT 27, ¶ 31 n.3 (declining to address post-appeal rulings by family division because not part of record on appeal).  They are also unrelated to the order that is properly before us, namely, the order denying reconsideration of the court's orders denying father's requests to modify parental rights and responsibilities and to reopen the evidence.

of Rutland, 163 Vt. 83, 96 (1994).  The mere fact that the judge has ruled against father does not demonstrate judicial bias.

Father raises various other arguments in his appellate briefs, including that he was treated unfairly at the May 2022 hearing, the court erred in failing to hold hearings on his July 2022 motions to enforce and to reissue a subpoena to the therapist, the court's order denying his motion to modify parental rights and responsibilities contained erroneous findings and was not supported by the evidence, the court misinterpreted the terms of the final divorce order in a manner that deprived him of his constitutional rights, and mother's interference with his parental rights violated due process.  As explained above, we lack jurisdiction to consider these issues because father did not timely appeal from the September 30, 2022 orders.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice


_____
Karen R. Carroll, Associate Justice


_____
Nancy J. Waples, Associate Justice