**VERMONT SUPREME COURT**
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     24-AP-234

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

FEBRUARY TERM,   2025

In re Grievance of Rodrigo Figueiredo Gelio*  }   APPEALED FROM:
                                     }   Labor Relations Board
                                     }   CASE NO. 21-39

In the above-entitled cause, the Clerk will enter:

Grievant Rodrigo Figueiredo Gelio appeals pro se from a Labor Relations Board decision denying his motion to reconsider its order dismissing his grievance against his former employer, the Vermont Department of Health's Division of Alcohol and Drug Abuse Prevention (ADAP).* We affirm.

ADAP terminated grievant's employment in October 2021 and he filed a grievance with the Board.  Grievant argued that that the State violated the collective bargaining agreement (CBA) between the State and the Vermont State Employees' Association by terminating him without just cause, improperly bypassing progressive discipline, and failing to apply discipline with a view toward uniformity and consistency.  He also alleged that he experienced discriminatory treatment and that his termination was in retaliation for a rebuttal he wrote to a performance evaluation.

The Board held hearings on the grievance over the course of four days in September 2022 and January 2023.  It subsequently issued a written order including the following factual findings.

ADAP is responsible for distributing grant money to community partners that administer prevention and recovery programs.  Grievant began working at ADAP as a program technician in September 2019.  His primary responsibilities included reviewing and processing grant invoices for these partner organizations.  In 2020, grievant's supervisor noticed that he was having difficulty paying attention to details, his invoices were delayed, and he made repeated errors regarding grant numbers and program codes.  Following a performance evaluation, special performance evaluation, prescriptive period of remediation, warning evaluation and warning period, performance assessment, separation evaluation, and pretermination hearing, grievant's employment was terminated.

---

     * Following grievant's termination, ADAP was renamed the Division of Substance Use Programs.

The Board found that the State followed the steps for progressive corrective action set forth in the CBA, but grievant never demonstrated any progress and, despite adequate notice of his unsatisfactory performance and opportunities to improve, remained unable to perform the basic functions of his job. It concluded that grievant did not prove that the State's action was arbitrary and capricious and therefore sustained his termination as supported by just cause. It also determined that grievant failed to present any evidence that his dismissal was in retaliation for filing a rebuttal to a performance evaluation. It therefore dismissed his grievance.

The Board's order was issued on March 19, 2024. On April 18, 2024, grievant filed a motion for reconsideration.

The Board addressed grievant's motion in a written order issued on July 23, 2024. It first recognized that it had general authority to amend its decision under 3 V.S.A. § 924(c), which provides that "[u]ntil a transcript of the record in a case is filed in a court under this chapter, the Board at any time upon reasonable notice and in such manner as it considers proper may modify or set aside wholly or partially a finding made or order issued by it." It further noted that there are two procedural vehicles through which reconsideration may be sought: a motion under either Rule 59(e) or 60(b) of the Vermont Rules of Civil Procedure, as adopted in the Board's Rules of Practice. Vermont Labor Relations Board Rules of Practice § 12.1 [hereinafter Board Rules], https://vlrb.vermont.gov/sites/vlrb/files/documents/Rules%20of%20Practice/Part%201/Article%2011_12.pdf [https://perma.cc/SN6L-CHKC] (providing that Board adopts "so much of [Civil Rules 59 and 60] as they are not inconsistent with the laws of the State of Vermont or other specific rule of this Board in accordance therewith substituting the Board where reference is made to 'court(s)' or to 'judge(s)' "). Grievant made no express reference to either rule in his motion.

The Board concluded that because the motion was filed thirty days after issuance of its order, it was out of time under Rule 59(e), which requires that a motion to alter or amend "be filed not later than 28 days after entry of the judgment." V.R.C.P. 59(e). Accordingly, it analyzed the motion under Rule 60(b), under which it could relieve grievant from its final order for several enumerated reasons provided that the motion was filed "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the . . . order . . . was entered." V.R.C.P. 60(b). The grounds for relief under Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

V.R.C.P. 60(b). The Board explained that in grievant's motion to reconsider, he repeated arguments and factual assertions that were raised during the grievance hearing and addressed by the Board in its order. He also sought to reassert his claim of discrimination, despite expressly stating during the hearing that he was "not pursuing that." These contentions, the Board reasoned, did not fall within any of the Rule 60(b) categories. It therefore denied the motion. On August 21, 2024, grievant filed a notice of appeal to this Court.

On appeal, grievant points to a variety of evidence in the record and argues that it supports the conclusions that there was no just cause for his dismissal, that the reasons for his termination were discriminatory in nature, and that the State violated various provisions of the CBA. He contends that the State did not provide him with evidence he requested, and that the Board's findings were based on evidence that should not have been credited.

These arguments are all directed at the Board's March 2024 final order. However, grievant did not file a notice of appeal from that order within thirty days of its entry as required under Vermont Rule of Appellate Procedure 4(a)(1). See V.R.A.P. 1(a) ("These rules govern procedure in all appeals to the Supreme Court from . . . an administrative board."). His motion to reconsider did not toll the appeal deadline because it was not filed within twenty-eight days of the Board's final order. V.R.A.P. 4(b)(5), (7) (providing that tolling applies where party "timely files" Rule 59 motion or "motion for relief under [Rule] 60 if the motion is filed no later than 28 days after the entry of judgment"). As a result, we are without jurisdiction to consider grievant's challenges to the Board's final order. See Casella Constr., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 3, 178 Vt. 61 ("The timely filing of a notice of appeal is a jurisdictional requirement.").

Although grievant timely appealed the Board's ruling on his motion to reconsider, " 'an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.' " In re Burchard Rd. Petition to Abandon Land Use Permit Denial, 2024 VT 51, ¶ 7 (quoting Browder v. Dir., Dep't of Corr., 434 U.S. 257, 263 n.7 (1978)). The only arguments we have jurisdiction to consider here are those challenging the bases on which the Board denied reconsideration. See Casella, 2005 VT 18, ¶ 3.

Grievant has raised no such claims of error. He does not challenge the Board's decision to analyze his motion for reconsideration under Rule 60(b) or its conclusion that the relief he sought was unavailable under any category of that rule. As a result, he has identified no basis to disturb the Board's denial of his motion to reconsider.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice

3